BENZION BILOW, PLAINTIFF-RESPONDENT, v. BLANCHE KAPLAN, DEFENDANT-APPELLANT.

Submitted October 14, 1932—Decided February 25, 1933.

Before Justices BODINE and DONGES.

For the appellant, *Maurice J. McKeown* and *Milton Bruck.*

For the respondent, *Bosin & Zucker* and *Irving L. Werksman.*

PER CURIAM.

This is an appeal from a judgment of the Passaic District Court in favor of the plaintiff and against the defendant for injuries sustained by plaintiff to his hand as the result of an automobile door being slammed shut on his finger.

On July 20th, 1931, defendant's husband was operating her automobile on her business and his own business and was driving in Newark on his way to Passaic. He saw plaintiff standing on the street and invited him to ride with him. When plaintiff got out of the car he shut the back door, holding his hand in such a position as he did so that defendant's husband pinched the thumb when he shut the front door. Plaintiff lost the thumb nail and for sometime was unable to pursue his usual occupations.

Defendant moved for a nonsuit and directed verdict on the ground that her husband exceeded the authority of his agency in inviting the plaintiff to ride with him. The denial of these motions is the first point argued.

The motion to direct a verdict should have been granted under the authority of *Zampella* v. *Fitzhenry,* 97 *N. J. L.* 517; 117 *Atl. Rep.* 711. In that case a truck driver invited several boys to ride with him. The truck struck a rut and one of the boys, who was standing on the running board, was thrown off and injured. The trial court nonsuited the plaintiff and Mr. Justice Minturn, speaking for the Court of Errors and Appeals, sustained this action in a thorough opinion which traced the development of the law of master and servant and principal and agent with respect to torts. That case controls here.

At the conclusion of the case, it appeared without contradiction that the invitation to plaintiff was beyond the authority

of the agent or servant driver of the car. It became a question of law, in that situation, for the court to deal with. *Tischler* v. *Steinholtz*, 99 *N. J. L.* 149; *Cronecker* v. *Hall*, 92 *Id.* 450.

The judgment under review is reversed.