ARETICE COLE v. JOHNSON MOTOR COMPANY.

(Filed 8 June, 1940.)

1. **Automobiles § 24b—**

   As a general rule, where the driver of a vehicle asks third persons to ride therein contrary to the express instructions of the owner employer, and the driver has no apparent authority to ask them to ride, such persons are trespassers as to the owner and he may be held liable by them only for injury inflicted as a result of the wanton or willful act of the driver.

2. **Same—Whether salesman acted beyond scope of his authority in asking plaintiff to ride in demonstration car held for jury.**

   Defendant is an automobile dealer. Its salesman, while going to see a prospective purchaser connected with a university, asked several students and a teacher to ride in the car from one part of the campus to the other where he was going to contact the prospect. Shortly after picking up plaintiff and the others, the car collided with another as the result of

negligence of defendant's salesman. It was in evidence that the salesman had been instructed not to pick up hitchhikers and there was also evidence that the salesman, in the course of his duties, was expected to promote good will by contacting prospective purchasers, acquiring information as to prospects and advertising the car by proper exhibition and demonstration. *Held:* Whether under the circumstances, in picking up plaintiff as a passenger, the salesman was acting within the ostensible scope of his authority and whether he had so violated his instructions as to constitute his acts a deviation from the course of his employment, is for the determination of a jury, and the failure of the court to submit the question to the jury *is held* for error.

STACY, C. J., dissents.

APPEAL by defendant from *Harris, J.,* at January Term, 1940, of DURHAM. New trial.

*R. M. Gantt for defendant, appellant.*
*E. C. Bryson and Marshall T. Spears for plaintiff, appellee.*

SEAWELL, J. This action was brought by the plaintiff to recover damages for an injury sustained by her through the alleged negligence of the defendant.

Briefly, the evidence tended to show that Billy Lipscomb, an agent of the defendant for the sale of its automobiles, to whom had been entrusted a demonstration car for the purpose of effecting such sales, was en route to contact a prospective purchaser who lived on or near the West Campus of Duke University—a doctor in Duke Hospital. When passing the East Campus, near the underpass of the public highway leading to his destination, he saw several young women standing at the curb. He stopped the car, opened the door, and several of them, including the plaintiff, entered the car. Near the West Campus, while rounding a sharp turn of the road and driving on the left-hand side, his car collided with an automobile driven by C. L. Hair, and plaintiff received injuries alleged to be serious.

There was sufficient evidence of negligence on the part of Lipscomb to be submitted to the jury, and it is not questioned that Lipscomb was at the time of the collision in the employment of the defendant and about his employer's business.

It is contended by the defendant, however, and evidence to that effect was introduced, that defendant had instructed Lipscomb not to pick up any hitch-hikers or to use the car in any way except for business purposes—not for social purposes. It is contended that in picking up and transporting the plaintiff and her companions Lipscomb deviated from these instructions and departed from the orbit of his employment, and in doing so was not, in this respect, about any business of his employer.

There was considerable evidence as to the scope of permitted activities' on the part of the employee in creating good will for the company and in contacting prospective purchasers, and it is contended by the plaintiff that his conduct on this occasion was within the general purposes which might be included in the creation of such good will, in contacting prospects, and obtaining information where they might be found; and was, therefore, to be considered in the prosecution of his employer's business.

The defendant moved for judgment as of nonsuit, which was denied.

The defendant asked that the following issues be submitted to the jury:

"1. Was Billy Lipscomb an employee of the defendant on July 13, 1937, as alleged in the complaint?

"2. If so, was the said Billy Lipscomb at the time of the collision acting in the scope of his employment and about his employer's business, as alleged in the complaint?    .

"3. If so, was said Billy Lipscomb in inviting plaintiff to ride in said automobile and in riding her in said automobile at said time, and in so doing, acting in the course of his employment, in the scope of his authority and about his master's business, as alleged in the complaint?

"4. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint?

"5. What amount of damages, if any, is the plaintiff entitled to recover of the defendant?"

The judge declined to submit the third of these issues; and defendant excepted.

The following issues were submitted to the jury, and answered as indicated:

"1. Was Billy Lipscomb an employee of the defendant on 13 July, 1937, as alleged in the complaint?  Answer: 'Yes.'

"2. If so, was the said Billy Lipscomb at the time of the collision acting in the scope of his employment and about his employer's business, as alleged in the complaint?  Answer: 'Yes.'

"3. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint?  Answer: 'Yes.'

"4. What amount of damages, if any, is the plaintiff entitled to recover of the defendant?  Answer: '$2,000.' "

The court instructed the jury as follows on the second issue:

"I instruct you, gentlemen of the jury, that if the plaintiff has satisfied you from the evidence and by its greater weight that the defendant owned and operated an automobile sales agency in the city of Durham and that in the conduct and operation of said business it employed salesmen for the purpose of demonstrating and selling automobiles and that on 13 July, 1937, Billy Lipscomb was an employee of the defendant and engaged in selling and demonstrating automobiles for the defendant,

COLE v. MOTOR CO.

and that on July 13, 1937, at about 1:30 or 2:00 o'clock p.m., the said Billy Lipscomb was driving a Buick automobile owned by the defendant from the city of Durham to Duke Hospital for the purpose of making a business call for the defendant on a member of the staff of that institution and that while en route to said hospital on business for the defendant the said Billy Lipscomb drove said automobile through the east campus of Duke University and stopped the automobile momentarily and invited the plaintiff and three other girls to ride with him to the west campus, and that the plaintiff and three other girls got in the automobile and that the said Billy Lipscomb then proceeded immediately on his way to Duke Hospital and while he was en route to said hospital for the purpose aforesaid, and after going only a short distance the automobile driven by the said Lipscomb collided with an automobile driven by Col. C. L. Hair, then, I instruct you that it would be your duty to answer the second issue 'Yes.' "

The principal complaint of the defendant is that it should have been left to the jury, under the third issue proposed by it, whether, in inviting the plaintiff to ride in the demonstration automobile and in transporting her, Lipscomb was acting in the scope of his employment, within his authority, and about his master's business. It is contended by the defendant that there are fact elements in this situation which take away from the court the power to settle the question as a matter of law, and it is suggested that both the limited authority contained in the instructions of the defendant to its employee and the relation of the young women who were picked up and transported to procuring another prospect of sale, or other connection with the authorized activities of the driver, constituted such facts for jury investigation.

Conceding that instructions such as appear in the testimony were given to Lipscomb, the employee, it is questionable whether what he actually did, notwithstanding violation of these specific instructions, was such a deviation from his employment as would put him entirely without the purpose and confines of such employment, and relieve the employer from the consequences of his negligence.

While little analogy can be gotten from cases bearing upon apparent scope of authority in contract dealing, there are comparable principles which should apply to the dealings and the contact which employers have with the public where no contractual duties exist. It certainly cannot be held as consistent with commendable public policy that privately given instructions and limitations of authority may, in all instances, relieve the employer from liability when injury has resulted from the employee's negligence, when not in strict obedience to these instructions. It is not in all cases possible for the court to fix the limits within which such instructions may reasonably affect the employer's

liability, to determine how substantial must be the disobedience to relieve the employer or to negative such liability.

It is, of course, true that if Lipscomb had not given the young women a ride in his employer's car the injury to the plaintiff would not have resulted. Under the circumstances, had she been a pedestrian run down by Lipscomb, or an occupant of the other car, and had been thus injured, through Lipscomb's negligence, recovery would have been in order. It becomes, therefore, a question of the status of plaintiff in defendant's car at the time of the negligent injury.

As a general thing, nothing else appearing, one who is riding in an automobile at the invitation of the driver in charge of the vehicle, extended contrary to the expressed instructions of the employer, and without actual or ostensible authority on the part of the driver, is a trespasser; and can recover only for injury sustained through the wanton or willful act of the employee. Under such circumstances the employer is not liable on the doctrine *respondeat superior* for want of ordinary care on the part of the employee. *Morris v. Dame's Executor,* 171 S. E., 662, 161 Va., 545; *Liggett & Myers Tobacco Co. v. DeParcq,* 66 Fed. (2d), 678; *Albers v. Shell Company of California,* 286 P., 752, 104 Calif. App., 733; *Murphy v. Barry,* 163 N. E., 159, 264 Mass., 557; *Psolta v. Long Island Railroad Co.,* 159 N. E., 180, 246 N. Y., 383, 62 A. L. R., 1163. It is generally denied that there is any implied authority of the employee to invite or permit a third person to ride on a vehicle in his charge. *Wigginton Studio v. Reuter's Admr.,* 71 S. W. (2d), 14, 16, 254 Ky., 128. These considerations, however, do not foreclose recovery in cases where the invitation may be considered within the ostensible scope of authority, where the deviation from actual authority may be slight or where the invitation and transportation may have some reasonable relation to the furtherance of the employer's business. *Garriepy v. Ballow & Nagle,* 157 A., 535, 114 Conn., 46. Such a reasonable relation in proper cases might be inferred from the nature of the business in which the master is engaged, and the servant has the duty of prosecuting or promoting.

In the case at bar the employee was an automobile salesman, and inferences may be made from the evidence that he was expected to promote the good will of the business by contacting prospective purchasers, acquiring information as to persons to whom cars might be sold, and advertising the car which it was his purpose to sell by proper exhibition and demonstration. The young women who were invited to enter the car, and did enter the car, were students of the University, including a teacher, who were passing from the East Campus to the West Campus, where it was the purpose of the salesman to interest a doctor in Duke Hospital in the purchase of a car.

It is worth while to note that Lipscomb in his deposition testified: "My employers had never told me or intimated to me that I should not pick up people and give them rides at this place; it was customary for almost all passing cars to stop and offer rides if room was available." This was interpreted by the defendant to mean that the employer in his instruction to pick up no hitch-hikers had not mentioned this specific place and, therefore, the testimony was not significant as varying the instruction.

The defendant contends that the facts disclosed in the evidence are sufficient to justify the court in saying, as a matter of law, that the driver had violated his instructions, deviated from his employment, and that the employer, therefore, was not liable for ordinary negligence, and that the case should not have been submitted to the jury; or that, if this is not the case, he should have had the benefit of a jury finding upon the evidence relating to the instructions given the employee and the liability of the master arising out of the facts in the testimony relating to the alleged deviation from the employee's duties and departure from the scope of employment. The plaintiff, on the other hand, contends here, as she did in the court below, that it should be held as a matter of law that the driver of the car was within the scope of his employment and furtherance of his master's business in inviting the young women into the car, and that the court properly instructed the jury that if they believed all the evidence in the case they should find the pertinent issue in favor of the plaintiff.

We think there are inferences of fact to be determined upon the evidence which preclude the court from adopting, in their entirety, either the contentions of the appellant or those of the appellee. Upon these facts the jury should have had an opportunity to pass, under proper instructions from the court. *Garriepy v. Ballow & Nagle, supra.*

It is suggested that this opportunity was afforded by the submission of the general issue as to negligence of the plaintiff. It might very well have been submitted upon such an issue under instructions pertinent to that phase of the evidence. An examination of the record, however, discloses that there were no instructions given to the jury upon this very important phase of the evidence, except in so far as the evidence was summarized and the jury told that if they believed it to be true they should find for the plaintiff.

In view of the want of proper instructions to correlate this evidence with the third issue or, in fact, with any issue submitted, we must accept, as an interpretation of the record, that the court undertook to pass upon the important matter of deviation from employment on the part of defendant's employee and all matters connected therewith as a matter of law, taking them away from consideration by the jury.

Defendant's exceptions are sufficient to raise this point for review here, and we hold it to be error.

New trial.

STACY, C. J., dissents.