LANCE WILLIAMS v. H. S. McLEAN AND LESLIE BULLARD.

(Filed 29 April, 1942.)

**1. Appeal and Error § 43—**

Petition to rehear is allowed in part in this case in order that the judgment as of nonsuit in respect to plaintiff's claim to the personal property involved may be set aside, it appearing that in the former decision of the Supreme Court which sustained the judgment as of nonsuit, only the question of the sufficiency of the evidence to support recovery of the real property was considered.

**2. Evidence § 39—Parol agreement for purchase of personalty held not merged in written option which referred to realty alone.**

Plaintiff contended that defendants entered into a parol agreement to purchase a certain 158-acre farm and to later convey the farm and certain farm machinery thereon to plaintiff for a stipulated price. It appeared that defendants thereafter gave plaintiff an option to purchase the farm less 13 acres, which option contained no reference to the personalty, and that plaintiff exercised the option with full knowledge of the facts. *Held:* While prior negotiations in regard to the realty were merged in the written option, the parol agreement for the purchase of the personalty was not, and plaintiff's evidence tending to show his purchase of the personalty, considered in the light most favorable to him, was sufficient to overrule defendants' motion to nonsuit on this aspect of the case.

BARNHILL, J., concurring.

STACY, C. J., dissenting.

WINBORNE and DENNY, JJ., concur in dissent.

PETITION to rehear case reported in 220 N. C., 504.

*McKinnon & Seawell for petitioner.*
*F. D. Hackett, Jr., and McLean & Stacy for respondents.*

DEVIN, J. Rehearing was allowed in order that the question of plaintiff's claim to certain personal property might be considered. The action was instituted primarily to establish a constructive trust in favor of plaintiff as to 13 acres of land, title to which had been conveyed to one of the defendants. Judgment of nonsuit was entered in the court below and affirmed in this Court (220 N. C., 504), on the ground that plaintiff's evidence failed to establish his cause of action. The debate here was confined to that question. In affirming the judgment of nonsuit the fact that plaintiff had also alleged and offered some evidence tending to show that he had purchased the personal property described, and that defendants had wrongfully removed the same, was not considered.

Upon consideration of the petition to rehear we adhere to our former decision that plaintiff's cause of action to establish a trust was not made

out, and that nonsuit on that phase of the case was properly entered. However, we think he was entitled to proceed on his allegations with reference to the personal property. While the amount involved is comparatively small, there is some evidence, taken in the light most favorable to him, tending to support his claim to this property. For the purpose of determining the question of plaintiff's right to recover the personal property described in his complaint, the judgment of nonsuit, in so far as it affects this phase of the case, only, is stricken out, and the case remanded to the Superior Court of Robeson County for further proceeding in accord with this opinion.

Petition allowed in part.

BARNHILL, J., concurring: It is true that when a contract is reduced to writing in its entirety it is binding upon the parties thereto and it cannot be enlarged, changed, modified, varied or contradicted by parol evidence. It is equally true that a contract not required to be in writing may be partly in parol and partly in writing. In which category does plaintiff's case fall? This is the real question presented by the petition to rehear. In my opinion it fits squarely within the second.

It clearly appears that plaintiff contracted to buy the land known as the Green Valley Dairy Farm and the personal property in the nature of the farm implements and equipment located thereon. Defendants suggested the scheme followed by them under which they purchased and took title to the farm. They then executed and delivered to plaintiff an option to buy the land less 13 acres which was omitted from the map they furnished. When plaintiff exercised the option, paid the consideration and took deed for the farm, less the 13 acres, with knowledge of the facts, he estopped himself from thereafter asserting a contrary agreement as to the land. But that relates to the real property only.

When plaintiff's agent paid the option money he inquired about the personal property and defendant McLean replied, "I don't know, we will go around to Les' (defendant Bullard) if he moved any of them, he has got them, we will be glad to take them back, they were in the trade. . . . I know the cooling system is there and the other ought to be and we will go down and see what Les has done with it." Plaintiff's agent, accompanied by McLean, then saw the defendant Bullard, who, speaking of the personal property, said, "I moved a piece or two of the personal property, and if it is all right with Mr. Williams I will be glad to take it back." Bullard then took him and showed him where he had moved plows, a tractor and other farming implements. There is other evidence to like effect.

At the time the option was exercised defendants were not present but were represented by counsel. At that time no reference was made to the

personal property. However, plaintiff shortly thereafter again made inquiry as to the personal effects and the defendants again acknowledged that some of the farming implements and equipment had been removed for safekeeping and promised to return same.

This and like evidence, in my opinion, negatives any contention that the parties intended that the option agreement should express the entire contract or that it should represent the sole memorial or integration thereof. All the evidence is *contra* such an intent. Hence, parol evidence to establish that part of the agreement which was not reduced to writing and which in law may rest in parol is permissible.

While defendants' evidence may paint quite a different picture the record before us requires a modification of the original opinion. The plaintiff is entitled to go to the jury on his claim to the personal property he alleges he purchased.

STACY, C. J., dissenting: The record supports no recovery.

The plaintiff alleges a contract to buy a farm consisting of 158 acres and certain personal property used in connection therewith. There is no allegation of any separate agreement in respect of the personal property. But one contract is alleged.

The entire understanding was reduced to writing on 18 May, 1940. It is in the form of an option executed by Leslie Bullard and wife to Lance Williams. The property described therein is "that certain tract of land containing 145 acres, more or less, in Lumberton Township, Robeson County, known as Green Valley Dairy Farm, as shown by attached map." There is no mention of any personal property in the option, and no allegation that it was omitted by fraud, imposture, mutual mistake or accident.

It is well-nigh axiomatic that no verbal agreement between the parties to a written contract made before or at the time of the execution of such contract, is admissible to vary its terms or to contradict its provisions. *Ins. Co. v. Morehead,* 209 N. C., 174, 183 S. E., 606. The rule is, that "parol evidence will not be heard to contradict, add too, take from or in any way vary the terms of a contract put in writing, and all contemporary declarations and understandings are incompetent for such purpose, for the reason that the parties, when they reduce their contract to writing, are presumed to have inserted in it all the provisions by which they intend to be bound." *Ray v. Blackwell,* 94 N. C., 10.

Applying this principle to the facts in hand, it was said on the original hearing, "the parties integrated their negotiations and agreements into the written memorial embodying an unequivocal offer to sell a certain number of acres of land on definite terms. It is established, not only as a rule of evidence, but also as one of substantive law, that matters resting

in parol leading up to the execution of a written contract are considered merged in the written instrument." There was, then, upon the execution of the option, no contract in respect of the personal property except that attached to the freehold. If the option excluded the difference between 145 and 158 acres, and we have held that it did, it likewise excluded the personal property not affixed to the soil. The written option is at variance with the idea of a trust. Optionor-optionee relationship differs from that of trustor-trustee, both in law and in fact. Hence, the rule which prohibits the introduction of parol testimony to vary, modify, or contradict the terms of a written instrument, would exclude the evidence now being considered by the Court. A single contract is alleged and the evidence shows but one. The case stands on a different footing so far as concerns the competency of evidence with the allegation of trustor-trustee relationship eliminated.

Plaintiff testifies: "I accepted the deed that was made in accordance with the option and paid the balance of the purchase price. . . . I had full knowledge of all the facts with reference to what that deed conveyed."

Nothing was said about any personal property at the time the option was exercised and the deed taken. The conversation centered around the alleged shortage of 13 acres of land.

The question then arises whether an optionee who exercises a written option and gets all that the option calls for, can later add to the terms of the writing by parol, and recover according to the alleged parol modification. We answered in the negative on the original hearing, and this is reaffirmed and stands in respect of the real estate. There is no plea of the statute of frauds. But the majority now answers in the affirmative so far as it affects the personal property. Thus, the holding is that the written word abides in so far as it refers to land, but may be added to in respect of personal property. This distinction has not heretofore been made in any case, and it is at variance with all the decisions on the subject. As early as *Etheridge v. Palin,* 72 N. C., 213, it was said: "Parol testimony is not admissible to add to a written contract." The Court was there speaking of a contract to sell both real estate and personal property, and the addition sought to be made was in respect of the personal property.

Moreover, there is no consideration for any additional recovery. The plaintiff has received all that the option called for at the price agreed upon. All that the parties agreed to was merged in the option, and this was exercised with full knowledge of the facts. To hold otherwise is to bulge the record in favor of the plaintiff.

Nor is this all. Since writing the above in answer to the theory advanced by the majority, a concurring opinion has been filed herein.

The same procedure was followed in the case of *Evans v. Rockingham Homes, Inc.,* 220 N. C., 253. Here, as there, the concurrence gives added significance to the dissent. If the plaintiff be estopped in respect of the land, why not also in respect of the personal property? As between the parties, there was but one transaction, one contract, one consideration, one price, one purchase, one sale. The statute of frauds is not involved. The estoppel is against the plaintiff. The character of the property has no bearing on the matter.

And now to reach for a harder blow, it appears that both deliverances of the majority proceed on premises alien to the record. There is neither allegation nor competent evidence to show that plaintiff "purchased the personal property described" from the defendants. The allegation is that the defendants purchased the property, both real and personal, *in solido,* and took title thereto in trust for the plaintiff, as witness the following from the complaint: "21. That defendants purchased the Green Valley Farm . . . for the use and benefit of the plaintiff and purchased the personal property located thereon for the same purposes, and defendants . . . now hold such title . . . as they hold to such property as trustee for the plaintiff." Evidence was offered to show the purchase of the farm, but the defendants came forward with a written agreement which contradicted the allegation and evidence of trusteeship. The plaintiff admitted the writing. Upon this showing, the case was nonsuited. We affirmed. The rehearing is limited to the personal property.

The initial difficulty with the position of the majority is, that it lacks allegation to support it. We have said as recently as *Whichard v. Lipe, ante,* 53, "The plaintiff must make out her case *secundum allegata* and the court cannot take notice of any proof unless there be a corresponding allegation." The rule is, *secundum allegata et probata, i.e.,* according to what is alleged and proved. "Recovery is to be had, if allowed at all, on the theory of the complaint, and not otherwise." *Balentine v. Gill,* 218 N. C., 496, 11 S. E. (2d), 456. Such was the law up to the present rehearing.

Secondly, it was originally said herein "the parties integrated their negotiations and agreements into the written memorial." This is now the law of the case. It is *res judicata.* It is in direct conflict with the suggestion in the concurrence that the agreement may be partly in parol. It likewise conflicts with the allegations of the complaint. So, notwithstanding the previous interpretation of the writing, which is reaffirmed as to the land, the present holding is, that the plaintiff may go to the jury on something pertaining to the personal property which is not alleged and is not competent to be shown. Again, we have some new law. *O'Briant v. Lee,* 214 N. C., 723, 200 S. E., 865. It is quite unusual for the Court to take contradictory positions in the same case.

Thirdly, there is no allegation that the plaintiff purchased any property of any kind, at any time, from the defendants. The action is to establish a parol trust as set out in the complaint. In this connection, it is worthy of note the plaintiff offered K. M. Biggs, president of Mansfield Mills, Inc., who testified that in the sale of the farm to Leslie Bullard the personal property was not included. "That did not include the personal property in connection with it, as I remember." The resolution of the corporation, which appears in the plaintiff's evidence, was to accept the offer of Leslie Bullard to purchase "the real estate belonging to the corporation known as the Dairy Farm, containing approximately 158 acres, with buildings situate thereon according to plat." Hence, taking either horn of the dilemma, the case fails.

Finally, if the agreement was to pay $14,000.00 for "that certain tract of land containing 145 acres . . . known as Green Valley Dairy Farm," and we have so interpreted the writing, what was to be paid for the personal property? The complaint is silent on the subject. It is difficult to perceive upon what theory the case is to be submitted to the jury. If it is to be submitted upon the allegation of a trust, as set out in the complaint, the plaintiff's own evidence shows that Bullard did not buy the personal property at all.

After all, the case is a simple one. The complaint alleges, and the plaintiff sought to establish, a parol trust. The evidence offered cuts the ground from under the plaintiff's alleged cause of action. The correct result was reached on the original hearing.

My vote is to dismiss the petition.

WINBORNE and DENNY, JJ., concur in dissent.