ROY LEE RUSSELL, MINOR, BY AND THROUGH HIS NEXT FRIEND, T. A.
    RUSSELL, PLAINTIFF, v. JAMES CUTSHALL AND SEVEN-UP ASHE-
    VILLE COMPANY, INC., DEFENDANTS.

(Filed 22 September, 1943.)

**1. Automobiles §§ 24a, 24b—**

Ordinarily, one who is engaged to operate a motor vehicle has no
implied authority, by virtue of his employment, to invite or permit third
persons to ride; and the employer is not liable for personal injuries sus-
tained by the invitee while in such machine, except, perhaps, when will-
fully or maliciously inflicted. The particular nature of the employment,
or the circumstances at the time, or acquiescence on the part of the em-
ployer may create an exception to this rule.

**2. Principal and Agent § 8a: Corporations § 20: Automobiles § 24a—**

In the case of an urgent emergency an employee at times may act so
as to bind his employer without previous authority.

**3. Automobiles §§ 18g, 24c—**

In an action for damages for personal injuries to plaintiff, a minor, who
was invited or permitted by corporate defendants' driver to ride on the
running board of its truck, such injuries being allegedly caused by the
negligence of the driver, where there is no evidence that the driver was
acting in the apparent scope of his authority or that such an emergency
existed as would authorize the driver to employ assistance, disregarding
the question of contributory negligence, the plaintiff was a trespasser as
far as the corporate defendant was concerned, and judgment of nonsuit
as to it was proper.

APPEAL by plaintiff from *Clement, Judge,* at April Term, 1943, of
MADISON. Affirmed.

Civil action to recover damages for personal injury resulting from the
negligent operation of a truck by the individual defendant.

The corporate defendant is engaged in bottling and selling carbonated
drinks in Buncombe and adjoining counties. It delivered crates of its
drinks by truck. The individual defendant Cutshall was one of its truck
drivers. On 1 August, 1941, he was making a trip on Highway 209
serving different customers. He intended during his trip to go on to
Bluff, N. C., to deliver merchandise to a Mrs. Connor, aunt of the infant
plaintiff. When Cutshall reached Hot Springs he stopped for some
time. When he left he took on Ed McGaha and Ralph Finley as pas-
sengers, who occupied the cab. As he was leaving McGaha saw plaintiff
and asked Cutshall to stop so that he could speak to him. McGaha
asked plaintiff to go home with him. Plaintiff declined, but stated that
he would like to go to Bluff to see his aunt. Cutshall volunteered to
take him. During the conversation Cutshall told plaintiff he was going
to Mrs. Connor's store, that plaintiff could go along and come right back

with him. "He wanted me to show him the way up there." Plaintiff got on the running board of the truck with one of the passengers holding to him. When the truck had proceeded some distance it ran off the road under conditions that would indicate negligence on the part of the driver. Plaintiff was thrown off and suffered personal injuries.

At the conclusion of the evidence for plaintiff the court, on motion of defendants, entered judgment of nonsuit as to the corporate defendant. Plaintiff excepted, submitted to a voluntary nonsuit as to the individual defendant, and appealed.

*Don C. Young and Guy V. Roberts for plaintiff, appellant.*
*Smathers & Meekins for defendant, appellee.*

BARNHILL, J. There is no contention that the defendant's driver had express authority to take on passengers. Hence the one question here presented is this: Was Cutshall, under the circumstances existing at the time, acting within the apparent scope of his authority when he invited or permitted plaintiff to ride on the running board of the defendant's truck?

Ordinarily, one who is engaged to operate a motor vehicle has no implied authority, by virtue of his employment, to invite or permit third persons to ride; and the employer is not liable for personal injuries sustained by the invitee while riding in such machine except, perhaps, when willfully or maliciously inflicted. *Dover v. Mfg. Co.,* 157 N. C., 324, 72 S. E., 1067; *Cotton v. Transportation Co.,* 197 N. C., 709, 150 S. E., 505; *Cole v. Motor Co.,* 217 N. C., 756, 9 S. E. (2d), 425; 35 Amer. Jur., 1016; 5 Blashfield Cyc. Auto. L. & P., 146 (see n. 72 for authorities), 148; *Looney v. Bingham Dairy,* 282 Pac., 1030, 73 A. L. R., 427; *Union Gas and Electric Co. v. Crouch,* 174 N. E., 6, 74 A. L. R., 160; *Wigginton Studio v. Reuter's Adm'r,* 254 Ky., 128, 71 S. W. (2d), 14; *Yanowitz v. Pinkham,* 168 Atl., 700; *Bilow v. Kaplan,* 164 Atl., 694; *Morris v. Dame's Ex'r,* 171 S. E., 662; *Hartman v. Badger Tobacco Co.,* 246 N. W., 577, Anno. 74 A. L. R., 163; *Rolfe v. Hewitt,* 125 N. E., 804, 14 A. L. R., 125; *Morris v. Fruit Co.,* 124 S. E., 807. See, also, 5 Blashfield Cyc. Auto. L. & P., 152.

In the *Cotton case, supra,* the plaintiff, as here, was invited to ride on the running board of the vehicle. Judgment for plaintiff was vacated, and the motion to dismiss as in case of nonsuit was sustained.

The particular nature of the employment, or the circumstances existing at the time, or acquiescence on the part of the employer may create an exception to this general rule. *Fry v. Utilities Co.,* 183 N. C., 281, 111 S. E., 354; *Hayes v. Creamery,* 195 N. C., 113, 141 S. E., 340; *Cole v. Motor Co., supra.*

In an effort to bring his case within the exceptions to the general rule plaintiff alleges in his complaint, as the basis of his claim, that Cutshall was acting within the scope of his implied authority: "that the defendant customarily carried passengers in the conduct of their business in this area of Spring Creek for the purpose of creating good will for the corporate defendant, advertising its products, and in otherwise promoting the interest of the defendant Company."

There is a total absence of any evidence in the record tending to sustain this allegation. On the contrary, plaintiff himself testified that he had not theretofore seen any driver of the defendant carrying a passenger. Hence knowledge and consent on the part of the employer cannot be implied so as to support an inference that the driver was acting within his ostensible authority.

But in the course of the cross-examination of plaintiff he testified: "I did not ask him to let me ride, I didn't ask him that. The driver did want me to go to Mrs. Connor's store and show him the way up there . . . said I could ride to the store and I could go and he would bring me right back with him. . . . The only reason on earth for him to ask me to go and show him where my aunt, Virgie Connor's store was, only to show him the way." Although there is no allegation that the plaintiff was invited to go along to "show him the way," he cites this evidence as tending to show an emergency in which Cutshall was authorized to and did act in behalf of his employer in obtaining assistance.

Conceding that in case of an urgent emergency an employee at times may act so as to bind his employer without previous authority, *Barrier v. Thomas and Howard Co.*, 205 N. C., 425, 171 S. E., 626; *Perkins v. Wood and Coal Co.*, 189 N. C., 602, 127 S. E., 677; *Vassor v. R. R.*, 142 N. C., 68, 54 S. E., 849, no such emergency is disclosed on this record. Bluff is on Highway 209 and "the man couldn't get lost on this road going to my aunt's store unless he turned off on another road. There is no highway turning off. This was a U. S. Highway well marked. McGaha (one of the other passengers) was familiar over in that country. He knew where my aunt's store was. I have seen him there before." So plaintiff testified.

The case of *D'Allesandro v. Bentivoglia*, 285 Pa., 72, 131 Atl., 592, in which the employee took a boy fourteen years of age to guide him to an unknown destination, is directly in point. It is there said: "Entirely aside from the question of the plaintiff's contributory negligence in riding on the running board of a moving motor car, we agree with the court below that 'an employer is liable only for the acts of his servant done in the scope of his employment, and the employment in this case did not include taking the minor plaintiff for a ride' either as 'a passenger,' which the statement of claim alleges he was, or as an assistant

(*Byrnes v. Pittsburgh B. Co.,* 259 Pa., 357, 361, 103 A., 53, L. R. A. 1918-C, 1198; see, also, *Hughes v. Murdoch S. & T. Co.,* 269 Pa., 222, 112 A., 111); for no such emergency is shown by the record before us as would warrant the driver of the truck is (*sic.*) imposing the responsibility of an employer of the minor plaintiff on defendant. Unless an emergency is shown where the servant is unable alone to perform the work which he was engaged to do, authority to employ an assistant is not proved. *Byrnes v. Pittsburgh B: Co., supra."*

We conclude that when Cutshall invited or permitted plaintiff to ride on his master's vehicle, which was designed to haul freight and not passengers, he went beyond the scope of his employment. As to the corporate defendant, plaintiff was a trespasser. It is not liable in damages for the personal injuries sustained by him.

In view of our conclusion here we need not decide whether, in any event, the contributory negligence of plaintiff would bar recovery.

The judgment of the court below is

Affirmed.