MARGIE P. DARK, ADMX., v. H. W. JOHNSON ET AL.

(Filed 12 December, 1945.)

**Negligence §§ 4b, 19a—**

In a civil action to recover for the wrongful death of plaintiff's intestate, allegedly caused by negligence of defendant, where all of the evidence tended to show that plaintiff's intestate, who had previously been em-

DARK *v.* JOHNSON.

ployed by defendant as a driver and at the time of the accident was employed by defendant to install certain electrical equipment on one of defendant's trucks, which was being driven by another on a round trip for a load of gasoline, asked to go on the trip and was allowed by the driver to do so, plaintiff's intestate driving part of the way and receiving injuries, from which he died three days thereafter, on the return trip by the negligence of the driver when the truck overturned, and that defendant called deceased's wife and told her of her husband's injury and said he was sure he could do something for her husband, there is sufficient evidence for the jury as to whether deceased was on the truck with defendant's prior authority or subsequent ratification, and judgment as of nonsuit was error.

APPEAL by plaintiff from *Grady, Emergency Judge,* at April Term, 1945, of WAKE.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect or default of the defendants.

The defendant, H. W. Johnson, who lives at Fuquay Springs, Wake County, operates a number of motor trucks, and is engaged in the business of hauling and distributing gasoline, lubricating oils, and other petroleum products.

It is alleged that on 4 March, 1943, plaintiff's intestate was employed by the defendant to install certain electrical equipment on one of his trucks and as a part of his duty was riding on the truck belonging to the defendant and driven by Nelson Meadows, when the driver negligently, carelessly and in a wanton manner ran the truck off the road and injured plaintiff's intestate to such an extent that he died three days thereafter. It is further alleged that plaintiff's intestate was riding on the truck, at the time and place in question, with the knowledge, consent and acquiescence of the owner of the truck.

The evidence discloses that the defendant's truck left Fuquay Springs on the afternoon of 4 March, 1943, for Greensboro to get a load of gasoline. The driver, Nelson Meadows, started alone. He saw A. Garland Dark near the Bank of Fuquay. Dark asked him if he was going to Greensboro and back. Meadows said, "yes." Dark replied, "I will go with you," and Meadows said, "all right." Dark drove part of the way to Greensboro. They both went into the Terminal to the loading rack. Meadows says, "I don't know whether it was me or him that signed for the gas. . . . Either one of us could have signed for it."

The accident occurred on the return trip near Mills Service Station in Wake County. It was admitted that plaintiff's intestate's death "was caused by the overturning of this truck which belonged to the defendant Johnson." There is ample evidence of the negligence of the driver. (Judgment of nonsuit was entered as to the defendants, W. A. Hinton

and wife, without objection or exception. It is alleged that their car negligently cut across the path of the on-coming truck and forced the defendant's driver off the road.)

On the following morning, the defendant Johnson called Mrs. Dark and informed her "that Garland and Nelson went to Greensboro after a load of gas for him that night and on the way back Nelson wrecked the truck and Garland was in the hospital not seriously injured then, . . . that he had never lost one of his men yet and not to worry about it." Mrs. Dark further testified: "Mr. Johnson at the garage gave me some personal belongings of my husband and said he was sure he could do something for him, but he never did."

The deceased had previously been employed by the defendant as a driver, but was not so employed at the time of the accident.

Upon consideration of all the evidence, judgment of nonsuit was entered as to the defendant, H. W. Johnson, from which the plaintiff appeals, assigning errors.

*William B. Oliver, N. F. Ransdell, and Wilson & Bickett for plaintiff, appellant.*
*Bailey, Holding, Lassiter & Wyatt for defendant, appellee.*

STACY, C. J. It may be conceded that plaintiff has failed to show, with exactness, for what purpose or in what capacity her intestate was on the defendant's truck at the time of his injury. This, however, need not defeat her action, even though the complaint contains specific allegations in respect of the matter. *Williams v. McLean,* 221 N. C., 228, 19 S. E. (2d), 867. The gravamen of the cause of action is the alleged breach of duty which the defendant owed plaintiff's intestate in the circumstances disclosed by the record. *Russell v. Cutshall,* 223 N. C., 353, 26 S. E. (2d), 866; *White v. McCabe,* 208 N. C., 301, 180 S. E., 704; 5 Am. Jur., 729.

Whether the deceased was on the truck with the defendant's prior authorization, or subsequent ratification, as passenger, invitee, or licensee, would seem to be for the jury. 42 C. J., 1101. The conversation which the defendant had with the plaintiff on the morning following the wreck, taken in connection with the other circumstances in the case, affords some evidence for the consideration of the twelve. *Henderson v. Powell,* 221 N. C., 239, 19 S. E. (2d), 876; 4 Blashfield Cyc. Auto. L. & P., ch. 63, pp. 78, *et seq.*

It is not alleged that plaintiff's intestate was a fellow servant of the driver, *Pleasants v. Barnes,* 221 N. C., 173, 19 S. E. (2d), 627; *Shorter v. Cotton Mills,* 198 N. C., 27, 150 S. E., 499; *Michaux v. Lassiter,* 188

N. C., 132, 123 S. E., 310, or that the parties were subject to the provisions of the Workmen's Compensation Act. G. S., ch. 97. See especially G. S., 97-14.

Inferences may also be drawn from the evidence either for or against the status of the deceased as employee, guest, or trespasser, in relation to the owner of the truck. *Russell v. Culshall, supra.* All the various permissible inferences of fact, arising on the record, should be submitted to the jury for determination in accordance with the usual practice in such cases. 35 Am. Jur., 1015, *et seq.* We refrain from a discussion of the evidence in advance of the verdict of the jury.

The judgment of nonsuit will be set aside.

Reversed.