CHARLES W. CREECH v. NATIONAL LINEN SERVICE CORPORATION
AND LOUIS A. CARTER.

(Filed 30 April, 1941.)

**1. Master and Servant § 21b—**

The doctrine of *respondeat superior* applies only when the relation of master and servant or principal and agent exists between the wrongdoer and the person sought to be charged at the time of and in respect to the very transaction out of which the injury arises.

**2. Same—**

A servant is acting in the course of his employment when he is performing that which he is employed to do and is about his master's business, and while every deviation from the strict execution of his duty will not interrupt the course of the employment, the master cannot be held liable for negligence of the servant committed while engaged in some private matter of his own outside the scope of his employment.

**3. Automobiles § 24b—Evidence held insufficient to make out prima facie case that servant, at time of injury, was acting in course of his employment.**

Plaintiff instituted this action to recover for injuries sustained in a collision between his car and the car owned and driven by defendant employee. The employee, called by plaintiff and sworn in as an adverse witness, testified that on the morning of the accident he had loaded his truck and left the loaded truck at the laundry, and at the time of the accident was driving his own car to his home for breakfast, that the employer did not permit the employees to use the trucks in going to breakfast, and did not permit the employees to use their personal cars in picking up or delivering laundry, and that he had never used his personal car for such purpose. There was also evidence that on occasion the drivers were required to use their personal cars in making deliveries, and that immediately after the accident there were bundles of linen in defendant employee's car. *Held:* Considering the evidence in the light most favorable to plaintiff, the evidence is insufficient to show that the relation of master and servant existed between the employer and the employee in respect to the very transaction out of which the injury arose, and the evidence was insufficient to have been submitted to the jury on the doctrine of *respondeat superior.*

APPEAL by defendant National Linen Service Corporation from *Harris, J.,* at September Civil Term, 1940, of WAKE.

Civil action to recover damages for personal injuries allegedly resulting from actionable negligence of defendants.

On 2 January, 1937, about 7:30 o'clock in the morning, plaintiff was injured in a collision, at a street intersection in Raleigh, between an automobile owned and operated by him and one owned and operated by defendant Louis A. Carter.

Defendant National Linen Service Corporation, through one of its subsidiaries, known as Raleigh Linen Supply Company, was on and prior to said date engaged in the business of laundering linens, coats, aprons, etc., and furnishing the same to business firms and corporations in the city of Raleigh and elsewhere. Defendant Louis A. Carter was employed by said corporate defendant as a driver in delivery and "pick up" of linens in said city.

Plaintiff alleges in his complaint and on the trial below offered evidence tending to show that his injuries were proximately caused by the negligence of defendant Carter.

Plaintiff further alleges upon information and belief that at the time of said collision "defendant Louis A. Carter, under the order and direction of his employer, National Linen Service Corporation, was undertaking to make delivery of certain laundered coats, aprons, etc., and for that purpose was authorized and directed by his said employer to use his personal automobile."

This and other material allegations of the plaintiff are denied by defendant National Linen Service Corporation in its answer filed. Defendant Carter did not answer.

The trial below, in so far as pertinent to this appeal, revolved around the question as to whether at the time of the said collision the defendant Carter was acting in the line of duty and in the course of his employment by the said corporation.

As bearing thereon, defendant Carter, called by plaintiff and sworn as an adverse witness, testified to substantially these facts: That in January, 1937, he was employed by the Raleigh Linen Supply Company to "pick up and deliver" linen in the city of Raleigh; that his hours for work were from 5 o'clock in the morning "until however long it took to finish" his route—that is, that he had regular hour for reporting for duty in the morning, with "no specified hours of employment after reporting except to finish the job"; that he would load his truck in the morning, go out on one trip, making deliveries and pick-ups, and come back in and get the rest of his load; that when he had reloaded the truck he would check out and go to breakfast; that on the morning of 2 January, 1937, he reported for duty at 4:55 o'clock and worked until 7:32, at which time he said: "I got in my car and went to breakfast . . . I went home to breakfast in my personal car. I was on the way to my home when this accident occurred. . . . I did not go in my truck because it was not the company's policy. I know the general policy and custom about driving in my personal car and the company's trucks. It was not to use the personal car for deliveries . . . I have never delivered any goods of the Raleigh Linen Supply Company in my personal car; I never knew any other driver to do it." And, again: "Taking

this card, . . . at 7 :37 that morning I had my complete load for the day. I was getting ready to leave for breakfast . . . The second check means I received my complete load of linens from the linen room for the day." Then, in response to question from the court as to what he then did with the load, he answered: "Left my load in front of the plant and got in my automobile and went to breakfast." And, again: "It was my usual custom to go to breakfast in my private car, and when I came back to the plant I delivered in the company's truck." The witness further testified that all the drivers of the company wore uniforms; that he bought his own uniform; and that on the morning in question he had on a whipcord suit, consisting of pants, jacket and cap, identifying him as an employee of the Raleigh Linen Supply Company.

Plaintiff further offered evidence tending to show that immediately after the accident when plaintiff was placed in the car of defendant Carter to be taken to the hospital, there were some packages of linen, or something that looked like linen, "in the foot of the car."

Plaintiff further offered evidence tending to show that while trucks were furnished by the company for that purpose, "it was the custom for the boys to make deliveries on the cars." One witness testified: "We would use the trucks unless we wanted to take it on our part and use the car. We were furnished trucks for that purpose. We were hired to drive the truck and the truck was there for that purpose, and when we used private cars we did it for our own convenience most of the time, but there were times perhaps when all the trucks were busy and the route salesmen standing around would say such and such a firm needed something and would take his car and run it up there. The business solicitor or collector or any of them would say that, and did say it numbers of times."

From judgment on adverse verdict, defendant National Linen Service Corporation appeals to Supreme Court and assigns error.

*Pou & Emanuel, John Hicks Johnson, and Stanley L. Seligson for plaintiff, appellee.*
*Clem B. Holding for defendant, appellant.*

WINBORNE, J. It is conceded by the parties that the liability, if any, of defendant National Linen Service Corporation for injury to plaintiff proximately caused by the negligence of its servant or employee, the defendant Louis A. Carter is grounded solely upon the doctrine of *respondeat superior.*

The question then arises as to whether the evidence in the case, taken in the light most favorable to plaintiff, is sufficient to make out a *prima facie* case on the essential facts necessary under that doctrine to hold

defendant National Linen Service Corporation responsible for the negligent acts of defendant Carter. Careful consideration of the evidence in that aspect leads to a negative conclusion.

This doctrine applies only when the relation of master and servant, employer and employee, or principal and agent, is shown "to exist between the wrongdoer and the person sought to be charged for the result of the wrong at the time and in respect to the very transaction out of which the injury arose," *Linville v. Nissen,* 162 N. C., 95, 77 S. E., 1096; *Martin v. Bus Line,* 197 N. C., 720, 150 S. E., 501; *Liverman v. Cline,* 212 N. C., 43, 192 S. E., 849; *Tribble v. Swinson,* 213 N. C., 550, 196 S. E., 820; *Parrott v. Kantor,* 216 N. C., 584, 6 S. E. (2d), 40; *McLamb v. Beasley,* 218 N. C., 308, 11 S. E. (2d), 283, and numerous other cases.

In *Martin v. Bus Line, supra,* this Court said: "It is elementary law that the master is responsible for the negligence of his servant which results in injury to a third person when the servant is acting within the scope of his employment and about the master's business. *Roberts v. R. R.,* 143 N. C., 176, 55 S. E.,509, 8 L. R. A. (N. S.), 798, 60 Ann. Cas., 375. It is equally elementary that the master is not responsible if the negligence of the servant which caused the injury occurred while the servant was engaged in some private matter of his own, or outside the legitimate scope of his employment. *Bucken v. R. R.,* 157 N. C., 443, 73 S. E., 137; *Doran v. Thomsen,* 76 N. J. L., 754." See, also, *Parrott v. Kantor, supra.*

"A servant is acting in the course of his employment when he is engaged in that which he is employed to do, and is at the time about his master's business. He is not acting in the course of his employment if he is engaged in some pursuit of his own. Not every deviation from the strict execution of his duty is such an interruption of the course of employment as to suspend the master's responsibility, but, if there is a total departure from the course of the master's business, the master is not answerable for the servant's conduct." Tiffany on Agency, p. 270; *Robertson v. Power Co.,* 204 N. C., 359, 168 S. E., 415; *Parrott v. Kantor, supra.*

Applying these principles to the factual situation of the present case, plaintiff has failed to offer evidence tending to show that the relation of master and servant, of employer and employee, or of principal and agent, existed between defendant Carter and National Linen Service Corporation at the time and in respect to the very transaction out of which the injury to plaintiff arose. There is no evidence that at that time Carter was acting within the scope of his employment and about the business of the Linen Corporation. On the contrary, the uncontradicted testimony of Carter, as witness for plaintiff, is that at the time

of the accident he had loaded and left the loaded truck of the corporation in front of the plant, and was riding in his own automobile on his way to his home for breakfast, and further, that he has never delivered any goods of the company in his car. As was said in *McLamb v. Beasley, supra,* Carter "was his own master while driving home." This defeats recovery on the theory of *respondeat superior. Parrott v. Kantor, supra.*

Therefore, the judgment below is

Reversed.