MRS. MATTIE H. HAWES AND JOHN ROBERT HAWES v. C. L. HAYNES AND WIFE, MRS. C. L. HAYNES.

(Filed 7 May, 1941.)

**1. Parent and Child § 7—**

Parents are not responsible for the torts of their minor son by reason of the relationship, but liability must be predicated upon evidence that the son was in some way acting in a representative capacity, such as would make the master responsible for the servant's torts.

**2. Automobiles § 23—**

Ordinarily, the owner of an automobile is not liable for the negligence of a person to whom he has loaned the car for such person's own purposes, unless the lender knew that the borrower was incompetent and that injury might occur.

**3. Automobiles § 25—**

Admissions that defendants were husband and wife, that their minor son resided with them, and that at the time of injury the son was operating the car registered in the name of the wife, with the consent and approval of his parents, is insufficient to support the application of the family purpose doctrine, there being no admission that the car was owned and used for the convenience and pleasure of the family, and no evidence or admission that the son had driven the car at any time other than the time of the collision in suit.

APPEAL by plaintiffs from *Grady, Emergency Judge,* at December Special Term, 1940, of PENDER.

*John J. Best and David Sinclair for plaintiffs, appellants.*
*A. J. Fletcher, F. T. Dupree, Jr., Ehringhaus & Ehringhaus, and Charles Aycock Poe for defendants, appellees.*

SCHENCK, J. There were separate actions by the plaintiffs against the same defendants which were consolidated for the purpose of trial.

The plaintiffs allege that they were injured by the negligence of the driver of an automobile owned and maintained by the defendants as a "family purpose" car; that the automobile of the plaintiff, Mrs. Mattie H. Hawes, in which she was riding, was being operated by the plaintiff, John Robert Hawes, in a lawful and careful manner on Highway No. 60 about 26 miles west of Wilmington, and was run into by the automobile of the defendants while being operated in an unlawful and negligent manner by the 19-year-old son of the defendants; and that as a proximate result of the collision between the said two automobiles thus caused, the plaintiffs received personal injury and property damage.

When the plaintiffs had introduced their evidence and rested their case, the defendants moved to dismiss the actions and for a judgment as in case of nonsuit, which motion was allowed (C. S., 567), and from judgment predicated upon the ruling, the plaintiffs appealed, assigning errors.

We concur in the ruling of his Honor, the trial judge.

There is no evidence that the driver of the defendant's automobile was acting as the agent of the defendants, or was in any way operating said automobile in the service of the defendants, there being no evidence which brings the operation of the automobile within the family purpose doctrine.

The plaintiffs apparently relied upon the admissions in the pleadings, although they did not introduce any pleadings in evidence. However, if these admissions be considered on the demurrer to the evidence, there is still an absence of sufficient evidence to carry the case to the jury.

The pertinent portions of the pleadings in the action instituted by Mrs. Mattie H. Hawes are the following excerpts from the complaint and answer: Complaint: "2. That on the dates hereinafter mentioned, the defendants were and are husband and wife, and reside together in Wake County; that they have a minor son, Bill Haynes, of the age of about .... years, who did reside, and now resides with them, as a member of the family. That defendants owned a five-passenger Plymouth automobile, title of which is in the name of Mrs. C. L. Haynes, and defendants owned and provided said car for the convenience and pleasure of the family, and the said Bill Haynes, a minor boy, a member of the family,

was using the car at the time and place hereinafter mentioned for his own purposes with the consent and approval of the defendants." Answer: "2. It is admitted that on the date referred to in the complaint, the defendants were and are husband and wife, and reside together in Wake County, and they have a son, C. B. Haynes, of the age of 18 years, who did reside and now resides with them, as a member of the family. It is further admitted that at the time referred to in the complaint, the said C. B. Haynes was operating a Plymouth automobile, belonging to the defendant, Mrs. C. L. Haynes, with the consent of the said defendant, Mrs. C. L. Haynes. Except as herein admitted, the allegations of said paragraph are denied."

The pertinent portions of the pleadings in the action instituted by John Robert Hawes are the following excerpts from the complaint and answer: Complaint: "2. That on the dates hereinafter mentioned, the defendants were and are husband and wife, and reside together in Wake County; that they have a minor son, Bill Haynes, of the age of about 19 years, who did reside and now resides with them, as a member of the family, was using the car at the time and place hereinafter mentioned for his own purposes with the consent and approval of the defendants." Answer: "2. That the allegations of paragraph two are not denied."

It will be noted that there is no admission that the automobile of the defendants was owned and maintained as a family purpose car at the time of the collision, but only that it was being used by the son of the defendants for his own purposes by the consent of the defendants.

Parents are not responsible for the torts of their minor son by reason of the relationship of parent and child, and to make them so it must appear that the son was in some way acting in a representative capacity, such as would make the master responsible for the servant's torts. *Linville v. Nissen,* 162 N. C., 95, 77 S. E., 1096. When a motor car is used by one to whom it is loaned for his own purposes, no liability attaches to the lender unless, possibly, when the lender knew that the borrower was incompetent, and that injury might occur. *Reich v. Cone,* 180 N. C., 267, 104 S. E., 530, and cases there cited; *Grier v. Grier,* 192 N. C., 760, 135 S. E., 852. There is no evidence, allegation or admission that the driver of the defendants' automobile, their son, was an incompetent driver.

There is no evidence or admission in the pleadings that bring this case within the purview of the family purpose doctrine. A concise statement of this doctrine, as applied in this jurisdiction, is set out by *Hoke, J.,* in *Robertson v. Aldridge,* 185 N. C., 292, 116 S. E., 742, as follows: ". . . where a parent owns a car for the convenience and pleasure of the family, a minor child who is a member of the family, though using the car at the time for his own purposes with the parent's consent and

approval, will be regarded as representing the parent in such use, and the question of liability for negligent injury may be considered and determined in that aspect."

While there may be allegation, there is no admission or evidence that the defendants owned the automobile involved in the collision for the convenience and pleasure of the family. There is no evidence nor admission of any use to which the automobile had ever been put nor of its ever having been driven by the son of the defendants, or by anyone else, at any other time than at the time of the collision in which it is alleged the plaintiffs were injured. The allegations without proof or admission can avail the plaintiffs nothing.

Taking the view of the case that we do, it becomes supererogatory to consider the questions presented in the briefs as to whether there was sufficient evidence of negligence on the part of the driver of defendants' automobile to carry the case to the jury, and as to whether upon their own evidence the plaintiffs were guilty of contributory negligence as a matter of law.

The judgment of the Superior Court is
Affirmed.