JOHN C. WALKER v. T. R. MANSON, MRS. ATTRICE K. MANSON AND
MRS. ALMA KERNODLE.

MRS. N. L. WALKER v. T. R. MANSON, MRS. ATTRICE K. MANSON AND
MRS. ALMA KERNODLE.

MRS. A. CLAY MURRAY v. T. R. MANSON, MRS. ATTRICE K. MANSON
AND MRS. ALMA KERNODLE.

(Filed 8 January, 1943.)

**1. Master and Servant § 21c: Automobiles § 24a—**

The doctrine of *respondeat superior* applies only when the relation of
master and servant is shown to exist between the wrongdoer and the
person sought to be charged at the time of, and in respect to, the very
transaction out of which the injury arose, and general employment alone
is not sufficient to impose liability.

**2. Master and Servant § 21c; Automobiles §§ 24a, 24c—**

In an action for damages on account of injuries sustained by plaintiff in
an automobile collision, evidence that defendant M., a son-in-law of de-
fendant K., was hauling a cow and calf belonging to K., in a truck, when
the truck collided with the car in which plaintiffs were riding, causing
injury, without any evidence of the ownership of the truck or that K.
exercised any control over the same, is insufficient and demurrer thereto
was properly sustained.

APPEAL by defendant, Mrs. Alma Kernodle, from *Ervin, Special
Judge,* at May Term, 1942, of ALAMANCE.

Three civil actions by consent consolidated for the purpose of trial.
The actions are to recover damages for injuries to the person and prop-
erty of the plaintiffs alleged to have been negligently inflicted by the
defendants in causing a collision between a Dodge Tudor automobile
driven by the plaintiff John C. Walker and a Ford pickup truck driven
by the defendant T. R. Manson, on a public highway in Alamance
County, on 24 November, 1941.

Demurrer to the evidence as to the defendant Mrs. Attrice K. Manson
was sustained, and the cases dismissed as to her, from which action of
the court no appeal was taken.

Demurrers to the evidence as to the defendants T. R. Manson and
Mrs. Alma Kernodle were overruled, and exception to such action was
preserved by the defendant, Mrs. Kernodle.

The jury answered the issues in favor of each of the plaintiffs and
against the defendants, T. R. Manson and Mrs. Alma Kernodle. From
judgment predicated on the verdict, the defendant, Mrs. Alma Kernodle,

appealed to the Supreme Court, assigning as error, *inter alia,* the refusal of the court to sustain her demurrer to the evidence duly lodged and renewed under C. S., 567.

*Barnie P. Jones* and *Thomas C. Carter* for *plaintiffs, appellees.*

*Louis C. Allen* and *Long, Long & Barrett* for *Mrs. Alma Kernodle, appellant.*

SCHENCK, J. The first issue submitted to the jury read: "1. Was the defendant, T. R. Manson, at the time of and in respect to the transaction out of which the plaintiffs' alleged injuries arose, acting within the scope of his employment as a servant of the defendant, Mrs. Alma Kernodle, as alleged in the complaint?"

The appealing defendant, Mrs. Kernodle, contends that there was insufficient evidence to justify the submission of this issue, and presents her contention under her exception to the refusal of the court to sustain her demurrer to the evidence. The plaintiffs contend to the contrary. So the appeal poses but the single question: Was there more than a scintilla of evidence that the defendant T. R. Manson, the driver of the pickup truck, was the agent and employee of the appealing defendant, Mrs. Kernodle, and acting within the scope of his agency and employment at the time the collision involved occurred? We are of the opinion, and so hold, that the answer to the question posed is in the negative.

Taking the evidence most favorable to the plaintiffs bearing upon the question posed, it tends to show that the appealing defendant, Mrs. Alma Kernodle, owned a farm in Alamance County, that she rented the farm in 1941 to one Fuller on shares, that T. R. Manson, her son-in-law and codefendant, negotiated the rental contract with Fuller; that Manson "looked after the farm for her"; that Fuller moved on the farm on 1 January, 1941, and that Manson brought a cow and calf there in March, 1941; that the cow and calf were owned by Mrs. Kernodle; that Manson took the cow and calf away in a Ford pickup truck about 3 :30 o'clock p.m., on 24 November, 1941; and that the cow and calf were in the truck when it collided with the automobile driven by the plaintiff, John C. Walker.

There is no evidence as to why the defendant T. R. Manson was taking the cow and calf away from the farm, or as to where he was taking them; nor is there any evidence that the appealing defendant, Mrs. Alma Kernodle, directed, requested, or authorized Manson to haul the cow and calf away from the farm. The record is absolutely silent as to the destination or purpose of the removal of the cow and calf. While there is evidence that Mrs. Kernodle had expressed a desire to sell the cow, there is no evidence that she did sell her or authorized her removal. There is.

likewise no evidence that the appealing defendant exercised any control over the truck transporting the cow and calf, or directed in any way the manner and way of its operation.

There is no evidence as to who owned the pickup truck driven by T. R. Manson, involved in the collision. However, it does appear in the "statement of the case on appeal," which is agreed to by the parties, that the plaintiff John C. Walker "was in a collision with the Ford pickup truck of the defendant, T. R. Manson," and the evidence tends to show that T. R. Manson was frequently seen to drive the truck. There is no evidence that Mrs. Kernodle, or any person other than the driver thereof, was in the pickup truck at the time of the collision. The evidence tends to show that T. R. Manson was alone while driving the truck on which the cow and calf were loaded.

The plaintiffs seek to hold the appealing defendant, Mrs. Alma Kernodle, liable under the doctrine of *respondeat superior.*

"The doctrine of *respondeat superior* applies only when the relation of master and servant is shown to exist between the wrongdoer and the person so sought to be charged at the time of and in respect to the very transaction out of which the injury arose. . . . Proof of general employment alone is not sufficient to impose liability. . . . It must be made to appear that the particular act in which the employee was at the time engaged was within the scope of his employment and was being performed in the furtherance of his master's business. . . . Liability of the master is not to be determined by the extent of the authority of the agent, but by the purpose of the act in which the agent was engaged at the time. . . ." *Smith v. Moore,* 220 N. C., 165, 16 S. E. (2d), 701, and cases there cited.

"This doctrine (of *respondeat superior*) applies only when the relation of master and servant, employer and employee, or principal and agent, is shown to exist between the wrongdoer and the person sought to be charged for the result of the wrong at the time and in respect to the very transaction out of which the injury arose." *Creech v. Linen Service Corp.,* 219 N. C., 457, 14 S. E. (2d), 408.

*Van Landingham v. Sewing Machine Co.,* 207 N. C., 355, 177 S. E., 126, is in many respects similar to the case at bar. In that case the Court said: "If we consider, with the admissions, only the evidence offered by the plaintiff upon the issue as to whether the defendant Russell was acting within the scope of his employment and in the furtherance of the business of the Singer Sewing Machine Company at the time and place alleged, we have, and no more, the admission that Russell was employed by his codefendant and was, at said time and place, driving an automobile which he himself owned and used when occasion required in the business of the codefendant; and evidence tending to show that at

said time and place there was on the rear of said automobile a Singer sewing machine. We do not think these admissions and evidence make out a *prima facie* case upon this issue."

The doctrine enunciated in the foregoing cases is reaffirmed in a *per curiam* opinion in *Tribble v. Swinson,* 213 N. C., 550, 196 S. E., 820, where many authorities are collected and cited.

There being no evidence in the record tending to show that the appealing defendant, Mrs. Alma Kernodle, had any control of the pickup truck involved in the collision and driven by T. R. Manson, it would appear that under the authority of *Wilkie v. Stancil,* 196 N. C., 794, 147 S. E., 296, her demurrer to the evidence should have been sustained.

For the reasons given we are of the opinion, and so hold, that the appealing defendant, Mrs. Alma Kernodle, was entitled to have her demurrer to the evidence sustained and the actions against her dismissed, and it is accordingly so ordered.

Reversed.