CORA ROGERS, ADMINISTRATRIX, v. TOWN OF BLACK MOUNTAIN.

(Filed 8 March, 1944.)

1. **Negligence § 19a—**

   In an action to recover damages for wrongful death of plaintiff's intestate, where the evidence tended to show that defendant's servant, contrary to orders and without his master's knowledge, took deceased and other boys, also employees of defendant, at their request, on a pleasure

ride in the master's truck, and, while so engaged on the public highway, the truck struck a hole and plaintiff's intestate was thrown out and killed, demurrer to the evidence should have been sustained.

**2. Master and Servant § 21b—**

The master is responsible, under the doctrine of *respondeat superior,* for the tort of his servant which results in injury to another, when the servant is acting in the course of his employment and is at the time about his master's business.

**3. Same—**

If a servant, wholly for a purpose of his own, disregarding the object for which he is employed and not intending by his act to execute it, does an injury to another not within the scope of his employment, the master is not liable.

APPEAL by defendant from *Alley, J.,* at November Term, 1943, of BUNCOMBE.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect or default of the defendant.

The town of Black Mountain owns and operates a municipal golf course. In the spring of 1941, the defendant purchased a tractor, or stripped down Chevrolet truck, for use in pulling the mowers over the greens and fairways. The mowers were easily attached to or disconnected from the truck. E. J. Ellis was employed to operate this converted truck or tractor. On the afternoon of 29 July, 1941, he came to Green No. 2, where three boys, Millard Jones, Bill Smith and Albert Rogers, were cutting grass. He had previously disconnected the mowers when he drove home across the road from the golf course about noon. One of the boys, Bill Smith, suggested that they take a ride down the road. They all got on the tractor. Albert Rogers, a boy 15 years old, was sitting on and holding to a beam on the back of the truck. As they came to a bridge, just down the hill, the right front wheel hit a hole in the bridge, threw the truck against the railing, caused Ellis to lose control, and threw Albert Rogers to the ground and killed him.

The plaintiff offered E. J. Ellis, the driver of the truck, as a witness: On the vital issue of defendant's liability he said that before the accident he had been instructed and directed by the manager of the golf links "not to let anybody ride on that tractor." And further he testified: "I knew that I was violating instructions of the Town of Black Mountain in taking them on this pleasure trip. . . . So far as I know none of the officers or employees of the town of Black Mountain knew we were taking this ride."

There is evidence that Ellis had driven the truck a number of times on the highway in hauling dirt to fill in holes on the golf course, traveling

to and from his home, and going to Black Mountain for gas and repairs. Jack Silver, a witness for the plaintiff, testified that he rode with Ellis on one occasion "up the road on a pleasure trip," but admitted that he had been ordered not to do so. "He and I just disobeyed instructions and went off on a trip and Mr. Prevost (manager) didn't know anything about that trip."

Demurrer to the evidence overruled; exception.

The usual issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of the plaintiff, the damages being assessed at $5,000.00.

The defendant appeals, assigning errors.

*Don C. Young for plaintiff, appellee.*
*Williams & Cocke for defendant, appellant.*

STACY, C. J.   Conceding that negligence on the part of the driver of the truck has been shown which resulted in plaintiff's intestate's death, still the record is barren of any evidence sufficient to hold the defendant liable under the doctrine of *respondeat superior.   Cole v. Motor Co.,* 217 N. C., 756, 9 S. E. (2d), 425; *Martin v. Bus Line,* 197 N. C., 720, 150 S. E., 501.

The driver of the truck was not about the defendant's business "at the time of and in respect to the transaction out of which the injury arose." *McLamb v. Beasley,* 218 N. C., 308, 11 S. E. (2d), 283; *Liverman v. Cline,* 212 N. C., 43, 192 S. E., 849. He had departed from the work he was employed to do, and had gone, with other employees, on a pleasure trip in violation of previously given instructions. *Cotton v. Transportation Co.,* 197 N. C., 709, 150 S. E., 505. All of the boys on the truck were aware of the fact that they were disobeying instructions in taking the trip. *Hayes v. Creamery,* 195 N. C., 113, 141 S. E., 340.

If the driver had taken other pleasure trips, on other occasions, and invited others to ride with him on such trips, there is no evidence that the defendant knew it. *Cotton v. Transportation Co., supra.* This is the crucial circumstance in the case. *Russell v. Cutshall,* 223 N. C., 353, 26 S. E. (2d), 866. It is true, the driver had driven the truck a number of times on the highway while about the defendant's business, but there is no evidence that he allowed others to ride with him on these occasions. See Anno. 14 A. L. R., 145.

It is elementary that the master is responsible for the tort of his servant which results in injury to another when the servant is acting in the course of his employment, and is at the time about the master's business. *D'Armour v. Hardware Co.,* 217 N. C., 568, 9 S. E. (2d), 12; *Barrow v. Keel,* 213 N. C., 373, 196 S. E., 366; *Roberts v. R. R.,* 143

N. C., 176, 55 S. E., 509. It is equally well established that the master is not liable if the tort of the servant which causes the injury occurs while the servant is acting outside the legitimate scope of his authority, and is then engaged in some private matter of his own. *Tribble v. Swinson,* 213 N. C., 550, 196 S. E., 820; *Snow v. DeButts,* 212 N. C., 120, 193 S. E., 224; *Parrish v. Mfg. Co.,* 211 N. C., 7, 188 S. E., 897; *Bucken v. R. R.,* 157 N. C., 443, 73 S. E., 137.

As a general rule "the master is not responsible if the wrong done by the servant is done without his authority, and not for the purpose of executing his orders, or doing his work. So that if the servant, wholly for a purpose of his own, disregarding the object for which he is employed, and not intending by his act to execute it, does an injury to another not within the scope of his employment, the master is not liable." *Howe v. Newmarch,* 94 Mass., 49. See *Dickerson v. Refining Co.,* 201 N. C., 90, 159 S. E., 446; *Robertson v. Power Co.,* 204 N. C., 359, 168 S. E., 415; *Jeffrey v. Mfg. Co.,* 197 N. C., 724, 150 S. E., 503. To state it in another way, the general rule is, that where a servant steps aside from the business of his master for some purpose of his own which is beyond the scope of his employment, the relation of master and servant is thereby temporarily suspended, and the master is not liable for his acts during the period of such suspension. *Walker v. Manson,* 222 N. C., 527, 23 S. E. (2d), 839; *Smith v. Moore,* 220 N. C., 165, 16 S. E. (2d), 701; *Creech v. Linen Service,* 219 N. C., 457, 14 S. E. (2d), 408; *Parrott v. Kantor,* 216 N. C., 584, 6 S. E. (2d), 40; *Van Landingham v. Sewing Machine Co.,* 207 N. C., 355, 177 S. E., 126.

Here it appears that the driver of the truck was on a mission of his own and not performing any work he was employed by the defendant to do. He was therefore about his own business and not that of the defendant at the time of plaintiff's intestate's injury and death. See Annotations, 22 A. L. R., 1404; 45 A. L. R., 482; 68 A. L. R., 1055; 80 A. L. R., 727; 122 A. L. R., 863. He was his own master while out driving on a pleasure trip in violation of the defendant's instructions. This defeats recovery on the theory of *respondeat superior.* *Martin v. Bus Line, supra.* The doctrine is inapplicable when there is no superior to respond. *McLamb v. Beasley, supra; Creech v. Linen Service, supra.*

It results, therefore, that the demurrer to the evidence should have been sustained. G. S., 1-183 (C. S., 567).

Reversed.