JOHN J. McILROY v. AKERS MOTOR LINES, INC., AND WADE D. PHILEMON.

(Filed 24 November, 1948.)

**1. Automobiles § 24½ c—**

Evidence offered by plaintiff tending to show that the employer sent the employee in the employer's truck on an errand requiring about an hour's time, that the employee accomplished the mission and then drove the truck on several exclusively personal trips, and that the accident in suit occurred while the employee was driving the truck on one of the personal trips, some eight hours after he had been sent on the mission, *is held* to justify nonsuit on the issue of *respondeat superior.*

**2. Automobiles § 23b—**

Where the owner has knowledge, actual or imputable, that the driver is unfit at the time the vehicle is entrusted to him, the owner will be liable for the negligence of the driver, but in order for the principle to apply there must be evidence of actual or constructive knowledge on the part of the employer that the driver was incompetent, reckless or was addicted to excessive and habitual use of liquor.

**3. Automobiles § 24½ c—Evidence held insufficient for jury on issue of negligence of employer in entrusting operation of truck to employee.**

Evidence tending to show that at the time the employer hired the employee causing the injury the employer made a perfunctory investigation which failed to discover that the employee had been convicted of drunkenness and drunken driving, but that the employee had driven for the employer for eight months without evidence of accident or drinking or addic-

tion to intoxication, and that on the occasion in question the employee appeared sober when the truck was entrusted to him for a mission but that he had had one drink of whiskey, without the knowledge of defendant's manager or anyone in authority, two hours prior to the time he was directed to drive the truck, and that the accident in suit occurred some eight hours thereafter while the employee was on a purely personal mission *is held* insufficient to be submitted to the jury on the issue of the negligence of the employer in entrusting the operation of the truck to the employee.

Appeal by defendant Akers Motor Lines, Inc., from *Patton, Special Judge,* April Term, 1948, of Mecklenburg. Reversed.

This was an action to recover damages for injury to plaintiff's person and property alleged to have been caused by the negligence of the defendants in the operation of a motor truck.

Plaintiff's automobile was struck by the corporate defendant's truck which was then being driven by defendant Philemon, an employee. The collision occurred on a four-lane highway some four miles north of Charlotte about 8:30 or 9 p.m. 24 December, 1945. The surface of the highway was slick from ice and sleet, and plaintiff's automobile had skidded and stalled, partially obstructing two lanes of the highway. By a flashlight, warning was given approaching automobiles. Defendant Philemon drove his co-defendant's truck without turning or slackening speed against plaintiff's automobile causing serious injury. It was alleged Philemon failed to keep proper lookout, drove at excessive speed, and was under the influence of intoxicating liquor. Philemon filed no answer.

Plaintiff alleged that at the time of the collision Philemon was driving for the Akers Motor Lines, Inc. (hereinafter called the defendant) in the scope of his employment, and further that the defendant was negligent in that it employed this man and retained him in its service as a truck driver when it knew or by investigation should have known he was not a fit person to drive a truck, and that on the occasion complained of defendant negligently directed Philemon to drive a truck on the streets and highways when it knew or should have known that he was under the influence of intoxicants and not in condition to operate a motor vehicle.

Defendant admitted ownership of the truck, and that Philemon was in its employ, but denied that, at the time, he was operating the truck in the course of its business and averred that he was using it solely for his own purposes, and the defendant denied the allegations as to the unfitness of Philemon as a truck driver, or that on this occasion it knew or had reason to know that he had taken anything to drink.

On the trial the plaintiff offered the defendant's admission of ownership of the truck and employment of Philemon, and also introduced evidence in support of its allegations as to the negligent operation of the truck by Philemon. One witness, who was at the scene of the collision,

noticed the odor of alcohol on Philemon's breath, and a policeman testified in his opinion he was under the influence of intoxicants, though upon what he based his opinion was not stated. Plaintiff offered evidence from criminal court records that Philemon before his employment by defendant had been convicted of several offenses, including drunkenness, drunken driving, and in one instance larceny. Plaintiff then offered the adverse examination of Philemon and that of the Dispatcher and Assistant Dispatcher of the Akers Motor Lines, Inc. From these it appeared that at the time of Philemon's employment in April 1945 the late war was still being waged, and that motor freight carrying was an essential industry and employment handled through the U. S. E. S.; that Philemon applied through this agency and was sent to defendant; that he was asked about drinking and replied that he drank when he wished but not when on duty —"did not work drunk." Philemon gave as reference his father and the City of Charlotte for which he had worked. A phone conversation with an official elicited response that he was a careful driver, but this was denied by the city official. Criminal records were not checked, nor was it customary to do so in investigating the fitness of prospective employees. The adverse examination of Philemon offered by plaintiff tended to show that he was employed to drive a pick-up truck in Charlotte and its environs, collecting and delivering freight, and had been so employed for eight months. On the morning of December 24th, due to weather conditions and the season, all work on part of the numerous employees of defendant had ceased by 11:30. One of the drivers had a quart of whiskey and this was consumed by all the drivers, fifteen in number, in the drivers' room. Philemon took one drink. Due to previous potations an off-duty driver named Ratchford became intoxicated, fell down some steps and cut his head. Being informed of this, the defendant's manager directed Philemon to take Ratchford home in his truck and return. This would have consumed not more than an hour. Philemon put the man in his truck and set out. There was no freight in the truck. The manager on his way home, about 12 o'clock, saw this truck apparently on its return proceeding along the street in the direction of defendant's terminal. Philemon's statement was that after he took the man home he did not take the truck in, but rode around town, and then went out in the country to his aunt's place and went hunting; then came back to Charlotte and went home where he remained until 8 o'clock. Then with his brother, sister, and brother-in-law in the truck with him he was driving again out to his aunt's when the collision occurred. He had had nothing more to drink since the drink he had that morning. True, he pleaded guilty to driving drunk, but that was because he had been sitting around the courthouse for so long trying to get the case heard, he paid the fine to get it off. He had been told by the manager, after taking the man home, to take the

truck back and put it in the yard. The drink he had taken was about two hours before the manager told him to take the truck out. He was not intoxicated. He was not certain that the manager came in the drivers' room at all, though the whiskey bottle was not where it could be readily seen but was on the floor.

Issues were submitted to the jury and answered as follows:

"1. Was the plaintiff injured, and his automobile damaged, by the negligence of the defendant Philemon in the operation of a truck of the defendant Akers Motor Lines, Inc., as alleged in the complaint?

"Answer: Yes.

"2. If so, was the defendant Philemon, at the time and place of the plaintiff's injury and damage, operating said truck within the scope of his employment and in the furtherance of the business of the defendant Akers Motor Lines, Inc., as alleged in the complaint?

"Answer: Yes.

"3. Was the plaintiff injured, and his automobile damaged, by reason of the negligence of the Akers Motor Lines, Inc., in entrusting the operation of said truck to said Philemon, as alleged in the complaint?

"Answer: Yes.

"4. What damages, if any, is the plaintiff entitled to recover by reason of his personal injuries?

"Answer: $7,500.00.

"5. What amount is the plaintiff entitled to recover by reason of the damage to his automobile?

"Answer: $400.00."

From judgment on the verdict, defendant Akers Motor Lines. Inc., appealed.

*Ralph V. Kidd and Robinson & Jones for plaintiff, appellee.*
*Smathers, Smathers & Carpenter for defendant, appellant.*

DEVIN, J. That the injuries of which plaintiff complained were caused by the negligence of the defendant Philemon in the operation of the motor truck of the corporate defendant was not denied. But the effort of the plaintiff to hold Philemon's employer, the defendant Akers Motor Lines, Inc., responsible for his negligence encountered serious opposition. The plaintiff in the first place alleged that the truck at the time of and in respect to the transaction complained of was being driven by Philemon in the course of the corporate defendant's business, and within the scope of his employment. In order to support this allegation by proof plaintiff was under necessity of using in evidence the adverse examination of Philemon and that of two other employees of defendant Motor Lines. From this evidence it is apparent that at the time of the injury Philemon

was not about his employer's business but engaged in activities and purposes of his own entirely apart therefrom. In violation of his instructions to take the truck out for a particular purpose, requiring not more than an hour, and then return it to defendant's yard, Philemon used the truck solely for his own pleasure and purpose, without the knowledge or consent of the employer, and not in furtherance of its business. There was a total departure from the employer's business and the work he was instructed to perform. The evidence was insufficient to support recovery on the theory of *respondeat superior. Rogers v. Black Mountain,* 224 N. C. 119, 29 S. E. (2) 203; *Walker v. Manson,* 222 N. C. 527, 23 S. E. (2) 839; *Creech v. Linen Service Corp.,* 219 N. C. 457, 14 S. E. (2) 408; *McLamb v. Beasley,* 218 N. C. 308, 11 S. E. (2) 283; *Parrott v. Kantor,* 216 N. C. 584, 6 S. E. (2) 40; *Liverman v. Cline,* 212 N. C. 43, 192 S. E. 849; *Martin v. Bus Line,* 197 N. C. 720, 150 S. E. 501.

The plaintiff, however, sought recovery against the corporate defendant upon another principle. He alleged that the defendant had knowingly, or without due investigation, employed an unfit person to drive its truck on the highway, and particularly on the occasion complained of, had directed such driver to operate the truck on the highway when it had reason to know that he was then under the influence of intoxicating liquor. The issue submitted without objection on this point presented the single question, "Was the plaintiff injured and his automobile damaged by reason of the negligence of the Akers Motor Lines, Inc., in entrusting the operation of said truck to said Philemon as alleged in the complaint?" The allegation was that defendant "knew or in the exercise of due care should have known that Philemon was under the influence of intoxicants" at the time the truck was entrusted to him on 24 December, 1945. No other issue on any other phase of the pleadings or proof was presented by the plaintiff to the court or by the court submitted to the jury. The proof offered by the plaintiff on the quoted issue was that Philemon had had one drink of whiskey two hours before he was directed to drive the truck, and that this was without the knowledge of the defendant's manager who gave the direction or of anyone in authority. Philemon asserted he was not intoxicated at the time. The plaintiff offered evidence that Philemon had previous to his employment by defendant been convicted of drunkenness and drunken driving, and that the one under whom he worked at his last employment by the City was not asked about him, though defendant's witness testified that inquiry was made and favorable response elicited. But there was no evidence of Philemon's unfitness or delinquency during the eight months preceding the injury, though his conduct during that time had been checked in due course by the defendant. Plaintiff seemed to have based his case on the theory that defendant had entrusted the operation of its truck on this occasion to one whom it knew or should have

known was under the influence of intoxicants. The evidence offered is insufficient to sustain this view.

Unquestionably liability on the part of the owner of a motor vehicle may arise from his entrusting the operation of the vehicle to one who is incompetent to drive it, or who is known to be reckless, or is intoxicated, or from known habit is likely to become intoxicated. *Williamson v. Eclipse Motor Lines,* 145 Ohio St. 467, 168 A. L. R. 1356; *Crowell v. Duncan,* 145 Va. 489, 50 A. L. R. 1425; *Fisher v. Fletcher,* 191 Ind. 529, 22 A. L. R. 1392; 5 Blashfield Cyc. Auto. Law, 63. But knowledge on the part of the owner that the driver sometimes drank to excess but was not intoxicated when put in possession of the automobile was held in *Fisher v. Fletcher, supra,* insufficient to invoke this rule. It seems fairly deducible from the decisions in this and other jurisdictions that the principle of the liability of the owner based upon his knowledge of the unfitness of the driver is applicable where there is evidence of a known habit of intoxication (*Nicholson Construction Co. v. Lane,* 177 Tenn. 440); or addiction to intoxicants (168 A. L. R. 1375); or likelihood of the driver becoming intoxicated (*Grier v. Grier,* 192 N. C. 760, 135 S. E. 852); or that he is given to the habitual and excessive use of liquor (*Taylor v. Caudle,* 210 N. C. 60, 185 S. E. 446). Liability depends upon the knowledge or imputable knowledge of the owner of the driver's unfitness at the time the vehicle is entrusted to him. *Tyree v. Tudor,* 183 N. C. 346, 111 S. E. 714; *Shorter v. Cotton Mills,* 198 N. C. 27, 150 S. E. 409; *Grier v. Grier, supra; Harrison v. Carroll,* 139 F. (2) 427, 50 A. L. R. 1450 (Annotation). In the case at bar the defendant's investigation of the fitness of Philemon as a truck driver at the time he was employed in April 1945 was rather perfunctory, but from plaintiff's evidence it appears that he drove this truck regularly in defendant's service for eight months, during which time his conduct was under observation, without evidence of accident or of drinking or addiction to intoxication. Nor is there evidence that when Philemon was directed to drive the truck 24 December, 1945, his appearance indicated he was intoxicated or had been drinking. One of the witnesses whose examination was offered by plaintiff testified Philemon "acted sober."

No injury occurred on this occasion while Philemon was performing the duty assigned him by the defendant, nor was the evidence such as to show that the injury complained of, which occurred some eight hours later, was under the circumstances probable (*Robertson v. Aldridge,* 185 N. C. 292 (296), 116 S. E. 742); or was likely to occur (*Reich v. Cone,* 180 N. C. 267, 104 S. E. 530; *Hawes v. Haynes,* 219 N. C. 535, 14 S. E. (2d) 503); or could reasonably have been foreseen when the truck was entrusted to Philemon for a temporary specific purpose. *Lee v. Upholstery Co.,* 227 N. C. 88, 40 S. E. (2) 688; *Grier v. Grier, supra.*

For the reasons stated, we conclude that the evidence was insufficient to warrant submission of the 2nd and 3rd issues to the jury, and that the motion of defendant Akers Motor Lines, Inc., for judgment of nonsuit should have been allowed. The judgment below is

Reversed.