HOWARD B. JACKSON v. W. K. MAUNEY, JR. AND CAROLINA THROW-
ING COMPANY, INC.

(Filed 30 October 1963.)

**1. Boating—**

　　Mere ownership of a boat does not impose liability for injury received by a passenger due to the negligence of the operator of the boat.

**2. Master and Servant § 33—**

　　The master or principal is liable for the acts of his servant or agent only when the servant or agent is engaged in the course of his employ-

ment at the time of and in respect to the very transaction out of which the injury arises, and if the servant or agent is acting outside the scope of his employment the employer or principal is not responsible therefor.

**3. Same;   Boating—**

Evidence tending to show that a corporation maintained a boat for use in entertaining its customers and for entertaining and in furtherance of better relations between its employees, and that the injury in suit was inflicted on the corporation's vice president, riding as a guest, by the negligent operation of the boat by the corporation's secretary and treasurer while on a boat ride during vacation for pleasure, *is held* insufficient to be submitted to the jury upon the issue of *respondeat superior*, notwithstanding evidence of casual discussions of business among the parties during the trip.

APPEAL by defendant Carolina Throwing Company, Inc. from *McLean, J.*, March 29, 1963 Civil Session of CLEVELAND.

Plaintiff instituted this action against W. K. Mauney, Jr., to recover compensation for personal injuries sustained while riding as a passenger in a motor boat negligently operated by Mauney.

Thereafter plaintiff sought and was granted permission to make Carolina Throwing Company, Inc., hereafter Carolina, a defendant. The amended complaint reiterated the allegations of the original complaint with respect to the negligence of Mauney. Additionally plaintiff alleged the boat in which he was riding was owned and maintained by Carolina "for the pleasure, enjoyment, entertainment, use and convenience of its employees . . ." Mauney was secretary and treasurer of Carolina. He was operating the boat as agent of Carolina "within the course and scope of his employment and with its knowledge, permission and consent for the purpose of affording pleasure, enjoyment and entertainment to an employee of the defendant, Carolina Throwing Company, Inc., the plaintiff."

Mauney filed an answer admitting all the allegations of the complaint except those relating to his asserted negligence and the extent of the injuries sustained by plaintiff.

Carolina, in its answer, admitted that Mauney was its secretary, plaintiff, its vice president. It admitted it owned the boat in which plaintiff was riding when he was injured. It denied the boat was being used in the furtherance of its business alleging that the injury occurred while plaintiff and defendant Mauney were on a vacation and were using the boat solely for their own pleasure.

When the case was called for trial, the parties stipulated: (1) plaintiff was injured as a result of Mauney's negligence; (2) fair compensation for plaintiff's injuries was $7,500.

To determine the liability of Carolina, the court submitted this issue: "Was the defendant, W. K. Mauney, Jr., the agent or employee of the defendant, Carolina Throwing Company, Inc., and as such acting within the scope of his employment and in furtherance of his principal's business as alleged in the complaint?" The jury answered in the affirmative. It was thereupon adjudged that plaintiff recover of defendants the sum of $7,500 with costs. Carolina excepted and appealed.

*McDougle, Ervin, Horack & Snepp by Frank W. Snepp for plaintiff appellee.*

*Mullen, Holland & Cooke by James Mullen for defendant appellant.*

*Robinson, Jones & Hewson for defendant appellee.*

RODMAN, J. Carolina assigns as error the court's refusal to allow its motion for nonsuit.

Plaintiff alleges he was injured when Mauney, traveling at a high speed, negligently left the channel and entered a shallow cove. The boat grounded, pitching plaintiff into the windshield.

Plaintiff neither alleges nor offered evidence tending to show the grounding was due to a defect in the boat or to Mauney's incompetence. The negligence alleged is Mauney's failure to utilize the knowledge and skill he possessed. Carolina was not liable for plaintiff's injuries merely because it owned the vessel in which plaintiff was riding or because it permitted Mauney to use the boat. *Linville v. Nissen,* 162 N.C. 95, 77 S.E. 1096; *Reich v. Cone,* 180 N.C. 267, 104 S.E. 530; *Brown v. Wood,* 201 N.C. 309, 160 S.E. 281; *Weatherman v. Ramsey,* 207 N.C. 270, 176 S.E. 568; *Parrott v. Kantor,* 216 N.C. 584, 6 S.E. 2d 40; *Hawes v. Haynes,* 219 N.C. 535, 14 S.E. 2d 503; *McIlroy v. Motor Lines,* 229 N.C. 509, 50 S.E. 2d 530; *Grindstaff v. Watts,* 254 N.C. 568, 119 S.E. 2d 784; *Cohee v. Sligh,* 259 N.C. 248.

The sole ground on which liability can be imposed on Carolina is the assertion that it is responsible for the acts of Mauney, its secretary.

A master or principal is liable for those acts of his servant or agent done in the performance of the work for which the servant or agent was employed. The relationship must "Exist between the wrongdoer and the person sought to be charged for the result of the wrong at the time and in respect to the very transaction out of which the injury arose." *Creech v. Linen Service Corp.,* 219 N.C. 457, 14 S.E. 2d 408. Devin, C.J., quotes with approval in *Travis v. Duckworth,* 237 N.C. 471, 75 S.E. 2d 309, this statement taken from Tiffany on Agency: "A servant is acting in the course of his employment when he is engaged in that which he is employed to do, and is at the time about his

master's business. He is not acting in the course of his employment, if he is engaged in some pursuit of his own." If the servant or agent is acting outside the scope of his employment, the employer is not responsible. *Lewis v. Tobacco Co., ante,* 410; *Lindsey v. Leonard,* 235 N.C. 100, 68 S.E. 2d 852; *Hinson v. Chemical Corp.,* 230 N.C. 476, 53 S.E. 2d 448; *Salmon v. Pearce,* 223 N.C. 587, 27 S.E. 2d 647; *Walker v. Manson,* 222 N.C. 527, 23 S.E. 2d 839; *Smith v. Moore,* 220 N.C. 165, 16 S.E. 2d 701; *McLamb v. Beasley,* 218 N.C. 308, 11 S.E. 2d 283; *Puckett v. Dyer,* 203 N.C. 684, 167 S.E. 43; *U. S. v. Eleazer,* 177 F. 2d 914; *Manuel v. Cassada,* 59 S.E. 2d 47, 18 A.L.R. 2d 395; *Rogers v. Allis-Chalmers Mfg. Co.,* 92 N.E. 2d 677, 18 A.L.R. 2d 1363; *Olender v. Gottlieb et al.,* 101 N.E. 2d 622; *Voytas v. U. S.,* 256 F. 2d 786; Master and Servant, 57 C.J.S. s. 570 and 35 Am. Jur. s. 553 and 554.

The evidence viewed in the light most favorable to plaintiff is sufficient to establish these facts: Plaintiff, vice president of Carolina, is also an employee of J. P. Stevens Co., in charge of its upholstering business; he lives in New York; he gives 95% of his time to Stevens and 5% to Carolina; Carolina manufactures and sells yarn; Stevens manufactures and sells cloth; Mauney was secretary and treasurer of Carolina; Carolina owned a motor boat which it "used for the entertaining of customers, building of good will among the community, entertaining our employees and better relations with the employees of the plant, and employees and officers of the corporation;" the mill was on vacation during the week of 4 July 1960, "everybody, except the watchman, was on vacation;" plaintiff, Mauney, and a Mr. Crawford decided to take a vacation that week; they went to Crescent Beach and were accompanied by their families. Plaintiff testified: "We rented a house there and all of us paid for it. The purpose of this trip so far as I was concerned was for relaxation and recreation . . . On July 9, when the accident occurred, we were going up to Carolina Beach and up towards Wilmington, and up the Inland Waterway. We were not going to do anything up there, it was just a pleasure trip up the Inland Waterway . . . As far as I was concerned, all three of us were taking the boat down there, Mr. Crawford, Mr. Mauney and myself, so we could all use it down there for our own personal pleasure. And on the day when this accident happened, we were all pleasure bent for our own personal pleasure . . . Whether there was a boat and vacation involved or not, I would go ahead and do my job to the best of my ability regardless of whether I had a vacation with Billy and regardless of whether I used the company boat, I would give them the benefit of my advice and help for whatever value it may be under any circumstances. So, it is true that actually using the boat and going on the vacation for recreation

and relaxation had nothing to do with my attitude toward the corporation." Plaintiff, when asked if during the week he was on vacation he had any business discussions with Mauney, replied: "I answer I don't remember any specific conversations but usually when we got together— . . . I am sure we did." Defendant Mauney testified that Carolina needed a yarn salesman, and while they were on vacation he and plaintiff discussed the employment of a salesman recommended by plaintiff. There is nothing in the record to indicate when these conversations with respect to employment of a salesman or any other business matter took place. It appears unequivocally that the boat ride was for pleasure—not for business.

To hold that an employer is liable for acts done by his employees while on vacation merely because the employer provides them with a means of enjoyment, and casual discussions occur among the vacationers with respect to the employer's problems during the vacation period would stretch the doctrine of *respondeat superior* beyond its point of elasticity.

We have announced we will not expand the "family purpose doctrine" to include a motor boat provided by a parent for the enjoyment and relaxation of members of his family. *Grindstaff v. Watts, supra.* We perceive no sound reason for imposing liability on a corporation in similar circumstances.

The motion for nonsuit should have been allowed.

Reversed.