Jerry **FRAZIER**, a minor, by his next friend, T. L. Frazier, and T. L. Frazier, Plaintiffs-Appellees,

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

No. 18492.

United States Court of Appeals
Sixth Circuit.

May 28, 1969.

Stephen R. Felson, Civil Division, Dept. of Justice, Washington, D. C., for appellant; Edwin L. Weisl, Jr., Asst. Atty. Gen., Alan S. Rosenthal, Walter H. Fleischer, Attys., Dept. of Justice, Washington, D. C., John H. Reddy, U. S. Atty., Chattanooga, Tenn., on brief.

E. Blake Moore, Chattanooga, Tenn., for appellees; Spears, Moore, Rebman

& Williams, Francis I. Breazeale, Chattanooga Tenn., on brief.

Before PHILLIPS, PECK, and Mc-CREE, Circuit Judges.

McCREE, Circuit Judge.

This is an appeal from the District Court's judgment which determined that Billy L. Nabors was acting in the course and scope of his employment when he was involved in an automobile accident in Cleveland, Tennessee, and that appellant, his employer, was therefore liable for his negligence under the Federal Tort Claims Act, 28 U.S.C. § 1346 and § 2671 et. seq.

The facts as found by the District Court are adopted. Prior to August, 1966 Nabors was employed in the United States Forest Service as a civil engineer and was stationed at Jackson, Mississippi. About this time he agreed to accept a transfer to the Forest Service office in Cleveland, Tennessee, and to remain with the Service at least one year following his transfer. In accordance with Sections 23 and 28 of Pub.Law 89–516, 5 U.S.C. § 73b (1966), and the regulations issued thereunder, Nabors was authorized to travel from Jackson to Cleveland for the purpose of finding a home for his family. These regulations provided that Nabors was to be considered in a "duty status" for the duration of the trip and was to continue to receive his regular salary. He was also to be reimbursed for his round-trip mileage, on a station-to-station basis, and both he and his wife were to receive a *per diem* allowance.

Nabors elected to make this trip and, on August 7, 1966, he and his wife drove their car to Cleveland. On August 9, while they were inspecting the neighborhood of a house which they were considering, Nabors collided with an automobile driven by Jerry Frazier. Frazier's father, T. L. Frazier, and Jerry, a minor, by his father as next friend, brought this action in the District Court against Nabors and, in the alternative, against the United States, to recover their damages resulting from the accident.

Under 28 U.S.C. § 2674 (1948), the United States is liable for the negligent conduct of its employees if a private individual would be liable under the same circumstances. Liability must be determined in accordance with the law of the place of the accident, Mider v. United States, 322 F.2d 193 (6th Cir. 1963), and, as the trial judge observed, Tennessee imposes liability on an employer if an employee's tort is committed within the scope of his employment. Terrett v. Wray, 171 Tenn. 448, 105 S.W.2d 93 (1937). The District Court tried this question separately from the other issues and determined that Nabors was acting within the scope of his employment at the time of the accident.[1] It then dismissed the lawsuit as to Nabors and, following a trial on the remaining issues, awarded appellees damages of $3650.[2]

The only issue on appeal concerns the holding that Nabors was acting within the scope of his employment at the time of the accident.

It is clear that if Nabors' trip was not made in furtherance of appellant's business, it was not within the scope of his employment under the law of Tennessee. The courts of that state have long held that an employee's unauthorized act is not within the scope of his employment if it is done for personal purposes and is neither incident to, nor in furtherance of, the employer's business. Averill v. Luttrell, 44 Tenn.App. 56, 311 S.W.2d 812 (1957); Hoover Motor Express Co., Inc. v. Thomas, 16 Tenn.App. 664, 65 S.W. 2d 621 (1933). *See also* Restatement (Second) of Agency § 228 (1958).

1. The opinion of the District Court is published in 273 F.Supp. 148 (E.D.Tenn. 1967).

2. 28 U.S.C. § 2679(b) (1966) provides that if a government employee is acting within the scope of his employment at the time of a motor vehicle accident, the exclusive civil remedy is a suit against the United States.

Nor would the Tennessee courts reach a different result in this case because appellant authorized the trip, officially deemed it to be "advantageous", and reimbursed Nabors for his expenses. Many employers authorize activities which have only a slight relation to the furtherance of their business, but which they deem necessary or "advantageous" to attract and retain desirable personnel. A familiar example is the paid vacation. It is clear, however, that an employee's conduct during such a vacation is not within the scope of his employment merely because the vacation is authorized. *Voytas v. United States,* 256 F.2d 786 (7th Cir. 1958); *Jackson v. Mauney,* 260 N.C. 388, 132 S.E.2d 899 (1963). Moreover, the fact that the employer might pay for some or all of the expenses incident to the vacation does not require a different result. In *Jackson,* corporate employees were involved in an accident which occurred during their authorized vacation use of a boat provided by their employer. The court stated:

> To hold that an employer is liable for acts done by his employees while on vacation merely because the employer provides them with a means of enjoyment, and casual discussions occur among the vacationers with respect to the employer's problems during the vacation period would stretch the doctrine of *respondeat superior* beyond its point of elasticity. 260 N.C. at 392, 132 S.E.2d at 902.

In *Fletcher v. Meredith,* 148 Md. 580, 129 A. 795, 45 A.L.R. 474 (Md.App. 1925), a similar result was reached where an employee had been given a half day off and was authorized to use a company truck to attend a relative's funeral.[3]

Appellee contends, however, that the trip to Cleveland to locate a house was made in furtherance of appellant's business since the relocation of Nabors' family in that city was necessitated by his impending job transfer. We are not impressed with this argument. The extent to which appellant's business was furthered by Nabors' efforts to arrange this relocation before he was transferred is no greater than that in *Voytas, supra,* and *Jackson, supra,* and is insufficient to render appellant liable under the doctrine of *respondeat superior.* Nabors could have stayed in a hotel or motel in Cleveland after his transfer and sent for his family when he had located a house during his off-duty hours. This alternative would obviously have been less attractive to Nabors than that of making a trip before his transfer and being reimbursed for his expenses, but the only effect which this might have had on appellant's business would be to have influenced Nabors' willingness to accept the transfer. An employer's refusal to authorize paid vacations might make it difficult for him to hire or retain desirable personnel, but this fact alone does not render employers liable for the negligent conduct of their employees during such vacations. We hold, therefore, that Nabors was not acting within the scope of his employment at the time of the accident.

Appellee contends that under the law of Tennessee an employee's acts are within the scope of employment if his employer has, at the time of the wrongful act, the right to control his

---

3. We observe that although the District Court found that Nabors was traveling on government "travel orders", appellee does not contend, nor can we find evidence in the record, that appellant ordered Nabors to make the trip to Cleveland. A different result might be required in this case if appellant had issued such an order. *Kinnard v. Rock City Constr. Co.,* 39 Tenn.App. 547, 286 S.W.2d 352 (1955).

We note also that there are statements in American Jurisprudence, Corpus Juris Secundum, and the Restatement (Second) of the Law of Agency to the effect that any act authorized by an employer is within the scope of employment. 35 Am.Jur., Master and Servant § 550 (1941); 57 C.J.S. Master and Servant § 570(a) (1948); Restatement (Second) of Agency § 215 and Comment "a" (1958). However, in the cases cited in support of these statements the act in question was either ordered by the employer or in furtherance of his business.

acts. This statement is only partially correct. The right of control distinguishes the master-servant relationship from that existing between an employer and an independent contractor, whose negligent conduct generally does not render the employer liable. Jolly Motor Livery Corp. v. Allenberg, 188 Tenn. 452, 221 S.W.2d 513 (1949); Texas Co. v. Ingram, 16 Tenn.App. 267, 64 S.W.2d 208 (1933); 57 C.J.S. Master and Servant § 563(b) (1948). Even if the master-servant relationship existed between Nabors and appellant, Nabors must also have been acting in furtherance of his employer's business at the time of the accident for appellant to be liable under the doctrine of *respondeat superior. See, e. g.,* Ely v. Rice Bros., 26 Tenn.App. 19, 167 S.W.2d 355 (1942).

The District Court relied on cases involving military personnel traveling in private automobiles from one duty station to another which hold that such travel was within the scope of employment. Those cases, however, are distinguishable because those employees were traveling pursuant to direct orders in substantial furtherance of the business of their employer. *See* note 3, *supra.*

The judgment of the District Court is reversed and the case is remanded for proceedings consistent with this opinion.

PHILLIPS, Circuit Judge (dissenting).

I respectfully dissent.

The facts as found by the District Court establish that the Forest Service asked Nabors to accept a transfer to Cleveland, Tennessee. The Forest Service obviously considered that it would be to its benefit for Nabors to work in Cleveland, rather than Jackson, Mississippi. Otherwise Nabors would not have been asked to accept the transfer and to agree to continue his employment with the Service for at least one additional year. In my opinion this situation is analogous to those cases cited in the opinion of the District Court involving the transfer of military personnel from one duty station to another and the use of their private automobiles in doing so. McCluggage v. United States, 392 F.2d 395 (6th Cir.).

By necessity the transfer from one duty station to another involves incidental duties to the employee which are not within his normal day to day routine. Yet when these incidental duties are fully approved and authorized by the employer, they have been held to be within the employee's scope of employment. See Kinnard v. Rock City Construction Co., 39 Tenn.App. 547, 551, 286 S.W.2d 352.

The purpose of making the trip to Cleveland was instigated by the Forest Service. It was of benefit to the Service and in furtherance of its business to accomplish the orderly transfer of its personnel from one duty station to another. The Service was realistic in authorizing Mrs. Nabors to accompany her husband on this house hunting trip. In my view the fact that the house hunting trip to Cleveland was personnally beneficial to Mr. and Mrs. Nabors as well as the Forest Service is not sufficient grounds to exclude the trip from the scope of Nabors' employment.

In United States v. Taylor, 236 F.2d 649, 654 (6th Cir.) this Court said:

"Moreover the Tennessee Court of Appeals has recognized that an employee may remain within the scope of his employment so as to hold his employer liable for his tort even though he undertakes a personal project of his own, if it is undertaken in the general course of carrying out his employer's business. Baskin & Cole v. Whitson, 1928, 8 Tenn.App. 578."

The majority opinion compares Nabors' trip to that of an employee on a paid vacation. Normally on such vacations employees are not continued on "duty status" and are not given a per diem allowance along with their wives. Neither are they given travel orders that must be followed during the vacation. These factors strengthen my conclusion that the Forest Service had the right of control over Nabors at all times during

the trip and that the trip itself was in furtherance of the employer's business.

Had Nabors been sent to Cleveland under the same circumstances except to look for a house for his supervisor, there would be no question that the trip was within the scope of employment. I do not believe that a different conclusion is warranted because Nabors was sent to look for a house for himself. In footnote 3 of the majority opinion, it is said that had Nabors been expressly ordered to go to Cleveland a different result might be required. I fail to see the distinction between permitting an employee to travel to a destination on official government business and ordering him to do the same thing.

I would affirm the opinion of the District Court, reported at 273 F.Supp. 148 (E.D.Tenn.).