CHARLES D. YANCEY, Plaintiff in Error, v.
GEORGE W. CLARKSON, Defendant in Error.

**Springfield Court of Appeals, June 27, 1914.**

1. **PLEADINGS: Petition: Answer: Judgment on Pleadings Not
   Justified, When.** Action on a contract for sale of land to
   plaintiff. The answer contained a general denial of every
   allegation except such as are specifically admitted and specially
   denied the execution of the contract by the defendant. It is
   also alleged in the answer that defendant and others offered
   plaintiff an option on the land in consideration of $100, which
   option, though executed, was not delivered because the plaintiff
   failed to pay the amount. Plaintiff's motion for judgment on
   the pleadings was properly overruled.

2. **CONTRACTS: Of Sale: Denial of: Burden of Proof.** Action
   on a contract for sale of land. The contract and its execution
   being properly denied, it was incumbent on plaintiff to prove
   same.

Error to Wayne County Circuit Court.—*Hon. E. M.
Dearing*, Judge.

AFFIRMED.

*Charles D. Yancey* for plaintiff in error.

(1) The defendant in his answer interposes two
defenses. First: A general denial. Second: Plea of
the ten year Statute of Limitations. The confession
destroys the denial. Long v. Lackawanna Coal and
Iron Co., 233 Mo. 732; Harding v. Railroad, 248 Mo.
268-269-270; Adams v. Trigg, 37 Mo. 141; State ex rel.
Hadley v. Delmar Jockey Club, 200 Mo. 34. (2) The
defendant's answer is neither a general or special de-
nial, such as is contemplated by the Statute, section
1806, R. S. 1909. Such an answer is vague, indefinite
and uncertain, and tenders no issue, and constitutes
no defense. Long v. Long, 79 Mo. 644; Dezell v. Fidel-
ity & Casualty Co., 176 Mo. 253; Long v. Lackawanna

Coal & Iron Co., 233 Mo. 713; Godfrey v. Godfrey, 228 Mo. 507; O'Day v. Sanford, 138 Mo. App. 343; Harding v. Railroad, 248 Mo. 663.

No appearance for defendant in error.

ROBERTSON, P. J.—Plaintiff's abstract of the record sets out his petition, defendant's answer and plaintiff's reply, and then follows what is entitled a "Statement and History of the Case." This undertakes to give some testimony but it does not disclose that it is included within the bill of exceptions.

The petition is in two counts but we gather from the so-called abstract of the record that there was a dismissal as to the second count and a jury trial had on the first count resulting in a directed verdict for the defendant, upon which judgment was entered, and the plaintiff brings the case here by writ of error.

The first count of plaintiff's petition, on which the trial was had, declares upon a contract alleged to have been entered into by defendant for the sale of certain lands to the plaintiff, with which the defendant, as plaintiff alleges, failed and refused to comply.

The answer starts out with a general denial of "each and every allegation in plaintiff's petition contained, except such as may be hereinafter specifically admitted." Then follows a specific denial that he executed the contract set out in the plaintiff's petition, and then the allegation that the defendant and others offered plaintiff an option on said land in consideration of the payment of $100, but that while said option was executed it was not delivered for the reason that the plaintiff failed and refused to pay said sum. A plea of the Statute of Limitations is also interposed and also former adjudication. The answer is verified.

A motion for judgment on the pleadings was filed by the plaintiff and overruled. The motion assigned

as grounds that the said answer in the first portion thereof, which stated that each and every allegation in plaintiff's petition contained was denied except such as might thereinafter be specifically admitted, is uncertain in that it fails to show or state what portion of said petition is denied. As an abstract proposition this character of an answer is defective (Dezell v. Fidelity & Casualty Co., 176 Mo. 253, 279, 75 S. W. 1102), but such a denial may be aided by what is subsequently alleged in the answer, as in this case a specific denial under oath of the contract, and it may in the progress of the trial be treated and considered by the plaintiff as sufficient to raise the general issue and thereby be made to serve the purpose of an unqualified general denial. The motion for judgment on the pleadings was properly overruled.

So far as the alleged abstract of the record is concerned and taking everything as having been properly incorporated in the bill of exceptions, we think upon the merits of the case that the plaintiff was not entitled to recover. There was a total failure of proof of the allegations contained in the petition. The contract which he alleges was properly denied by the allegations contained in the defendant's verified answer, so that it was essential for plaintiff to prove the contract. This he did not do. It appears that the defendant in the case and one other person who testified as to the value of the land were the only witnesses. The defendant was interrogated about some contract but neither it nor any other contract was offered in evidence, so far as the record before us discloses.

The judgment of the circuit court is affirmed. *Farrington, J.,* concurs. *Sturgis, J.,* concurs.