*320
 
 Marshall, C. J.
 

 George Morgan filed a suit in the common pleas court of Cuyahoga county to recover from Joseph Collins and Charles Tarlecka damages for injuries sustained in a collision between a wagon driven by Morgan and a taxicab owned by defendants. The collision occurred on December 26, 1928, at about 3:30 o’clock p. m., at the intersection of Eighteenth street and Payne avenue, in Cleveland. Plaintiff recovered a verdict against both defendants in the sum of $5,000, upon which judgment was entered. Upon review in the Court of Appeals the judgment was affirmed. This court allowed a motion to certify the record for review.
 

 The record discloses sufficient evidence of negligence to support the verdict, and discloses no substantial contributory negligence. The important question for review in this case arises out of the relations of defendants with each other. The petition charges that Tarlecka and Collins were joint owners of an automobile, and that it was being driven by the defendant Collins. It was sought to hold the defendant Tarlecka responsible for the negligence of Collins, on the ground that they were partners and that Tarlecka was therefore responsible for the negligence of the driver Collins. The allegation of the petition on this point is “that said taxicab was at said time and place being operated by said Joseph Collins on a joint enterprise of said defendants, with full knowledge and consent of defendant Charles Tarlecka. ’ ’ Defendants filed a joint answer in which they admit that they “are the owners and operators of an automobile, which they operate under the color rights of the Green Cab Service, and admit that Payne Avenue and East 18th Street are duly dedicated public thoroughfares intersecting each other, but deny that the accident alleged in. the plaintiff’s amended petition happened in the manner set forth therein, and deny each and every other allegation and averment in plaintiff’s amended petition contained
 
 *321
 
 not herein specifically admitted to be true.” It will be observed that Tarlecka did not in his pleading disclaim responsibility for the acts of Collins, but his only denial related to the allegations of the petition with reference to the manner in which the accident happened.
 

 At the trial, Collins did not appear. Tarlecka sought to defend on the ground that Collins was engaged at the time in matters wholly foreign to the purposes and scope of the partnership, and that Collins was taking his wife and sister-in-law on a pleasure trip. Plaintiff contented himself with introducing evidence of the accident, and that it occurred while Collins was driving a public taxicab on the public streets and thoroughfares of the city of Cleveland, and that Collins and Tarlecka were partners in the enterprise of operating the taxicab. Thereupon Tarlecka testified that the partnership was in existence at the time of the accident, but that he had not received any part of any fare charged against the wife and sister-in-law of Collins. On cross-examination he admitted that it was understood between him and Collins that it was agreeable to him for Collins to use the cab in taking his wife and his sister-in-law on trips. Mrs. Collins did not appear and testify, but the sister-in-law, Mrs. Ryan, testified that the accident occurred on a day when Collins was taking the two ladies to Parmadale, a suburb of Cleveland, and that they had been out nearly all day. She testified that she had not paid any fare. The question presented by this record is whether under these circumstances Tarlecka can be held responsible as a partner.
 

 Judgment was entered against both jointly, and Collins did not file a motion for new trial or prosecute error. Tarlecka is the sole plaintiff in error, both in the Court of Appeals and in this court.
 

 Upon the question of Tarlecka’s responsibility the trial court charged as follows: “In this case you have for consideration, the situation of two defendants who
 
 *322
 
 are joint owners or owners in partnership, of this taxicab. I say to you as a matter of law, if this evidence shows to you that this auto taxicab was being driven by one of the parties, Joe Collins, — it is admitted it was being driven by him, — but being driven by him in the partnership business at the time of this accident, then if Collins is negligent in any of the respects alleged, you would be justified in not only returning a verdict against him, but against his partner, Tarlecka. But if this evidence shows to you, or this evidence does not show to you, I mean, that the auto was being driven in the partnership business at the time of this accident, — if it wasn’t driven in the partnership business, but was being driven on Collins ’ own private business outside of the partnership, then you would not be justified in finding a verdict against Tarlecka.”
 

 The foregoing instruction required the plaintiff to prove that the automobile was being driven in the partnership business at the time of the accident. Manifestly this was placing too heavy a burden upon the plaintiff; but the plaintiff nevertheless recovered a verdict and it could not have been prejudicial to the defendants. The law of the responsibility of a partner for the acts of another partner is very definitely settled. Each partner is a general agent of the other in the prosecution of the partnership business. An absent partner will be held responsible not alone for the acts done in the interest of the partnership business, and in prosecution of its purposes, but also for any acts committed in the course and scope of the partnership business. A tortious act committed by one partner, which is outside the general partnership agency, renders that partner alone responsible, because he acts only for himself. On the other hand, if an act resulting in damage is done by one partner in the course and within the scope of the business of the firm, the act will be deemed to be the act of the firm, though it was not strictly in the prosecution of
 
 *323
 
 the firm’s business purposes. The act may be that of the firm though it may not have resulted in advancing the interests of the firm or in producing profit for the firm’s benefit.
 

 If the driving of the taxi by Collins was at the time wholly foreign to the business of the firm, and without its course and scope, the fact that Tarlecka was willing, or consenting, or approving, would not be decisive or even important, except as showing that the act of Collins was not a willful wrongdoing. If the circumstances were such as to amount to a loan of the partnership taxi to a partner for nonpartnership purposes, no liability would attach to the firm.
 

 The fact that the automobile was owned and used for purposes of public transportation of persons over the public streets and highways must be considered in reaching a conclusion in this case. The problem becomes more difficult to solve because a taxi was involved, which was designed only for carrying passengers, and was being thus employed on the public streets and highways. As against these proven facts in the instant case, it is said that the passengers were relatives of the partner, being carried without compensation, and returning from a pleasure trip. By the weight of authority, the question whether the driver was lawfully acting within the course and scope of his employment as a general agent of the other partner at the time of the accident is one of fact to be determined by the jury from the evidence, under proper instruction. It has already been observed that the charge imposed rather too heavy a burden upon the plaintiff, in requiring him to prove that the automobile was being driven in the partnership business at the time of the accident. It was only necessary for the plaintiff to prove that Collins was acting within the scope of his general agency. That ''scope of teh employment'' is broader than the employment itself is manifest. There is a clear distinction between acts
 
 *324
 
 done within the scope of the employment and acts done merely during the employment. “Scope of the employment” has never been accurately defined, although many attempts have been made. It cannot be accurately defined, because it is a question of fact and each case is
 
 sui generis.
 
 The act of an agent is the act of the principal within the course of the employr&ent when theactT can fairly and reasonably be deemed to be an ordinary and naturaLinnideñ±roF^attribüte~'óf The service to be rendered, or a natural, direct, and logical result of it. In
 
 Nichols v. Chicago, R. I. &
 
 P.
 
 Ry. Co.,
 
 (Mo. App.), 232 S. W., 275, 276, it was held that the test is whether the act was done while one was doing his master’s work, no matter how irregularly. Other Missouri cases hold that “scope” is determined by what the agent was employed to do and what with the knowledge and approval of the principal he actually did do.
 
 Marshall
 
 v.
 
 United Railways Co. of St. Louis,
 
 (Mo. App.), 184 S. W., 159, 162;
 
 Thurston
 
 v.
 
 Kansas City Terminal Ry. Co.
 
 (Mo. App.), 168 S. W., 236, 239. In
 
 Danville, Urbana & Champaign Ry. Co.
 
 v.
 
 Industrial Commission,
 
 307 Ill., 142, 138 N. E., 289, it is said: “The controlling factor in determining whether the employee was in the course of his employment at the time of the accident is whether he was at that time in the orbit, area, scope or sphere of the I employment, which may include the doing of things not directly connected with the work or with the particular duty for which he was employed but which is incidental thereto or which may reasonably be done within the time of the employment.”
 

 It was a question for the jury to determine in the instant case, and this court may not weigh the evidence to determine whether the jury reached correct conclusions. The trial court was called upon to weigh the evidence upon the motion for directed verdict, and later upon the motion for new trial, but refused to disturb the verdict. The Court of Appeals was alsr
 
 *325
 
 called upon to -weigh the evidence, but it found that substantial justice had been done. This court is only-required to ascertain whether there was any evidence which would support a finding that Collins was acting within the scope of the partnership business, and this must be determined by applying the so-called scintilla
 
 rule;
 
 that is to say, whether by giving to the plaintiff the benefit of every reasonable inference to be drawn from the evidence adduced, in the light of the admissions of the pleadings, the finding of the jury has some support, however slight. Measured by these standards, let us see what inferences could properly be drawn. In the joint answer of the defendants there was no claim that the use of the taxi by Collins was private and foreign to the scope of the firm’s business. Tarlecka admitted that they were partners at that time. Neither Collins nor his wife testified. "While the sister-in-law, Mrs. Ryan, testified that they had been to Parmaville, and that they had been gone nearly all day, it did not necessarily follow that Collins himself had been away from his work all day, but that the ladies may have been gone nearly all day. ' Tarlecka admitted that he had given permission to Collins to take the car for such purposes. To be exact, his testimony was as follows:
 

 “Q. Was it agreeable to you for Joe to take his family out, Tarlecka? A. Well, I didn’t have nothing to do with it.
 

 “Q. He told you he took her out? A. Yes.
 

 “Q. And that was agreeable to you, was it? A. Yes.
 

 “Q. And you knew about that, didn’t you? A. Probably, yes. He told me about it sometimes.
 

 “Q. That was agreeable to you, wasn’t it? A. It was.”
 

 The car was used in public utility service on the public streets of the city of Cleveland. The proof was indeed meager on the point that Collins acted within the scope of the partnership business, but this court
 
 *326
 
 cannot without weighing the evidence say as a matter of law that the jury was not warranted in inferring that the use of the car by Collins was within the scope of his general agency as a member of the firm. The jury may reasonably have inferred that the use of the car for the purpose of transporting members of their families was a privilege common to both.
 

 The judgment will be affirmed.
 

 Judgment affirmed.
 

 Day, Allen, Kinkade and Stephenson, JJ., concur^