Zimmerman, J.
An established principle of law is that “in the face of a motion to direct the jury to return a verdict for one of the parties to an action, which in effect is a demurrer to the evidence, the court must construe the evidence most strongly in favor of the party against whom the motion is made, and, where there is substantial competent evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court’s determination in disposing of such a motion.” Durham v. Warner Elevator Mfg. Co., 166 Ohio St., 31, 36, 139 N. E. (2d), 10, 14. “Every material fact which such evidence tends to prove will be taken as established.” Burrow, Admx., v. Porterfield, Admr., 171 Ohio St., 28, 30, 168 N. E. (2d), 137, 140.
In the instant case, plaintiff’s evidence, stated most strongly in her favor, shows that defendant’s tractor-trailer, due to motor difficulties, stopped on the north side of North River Road, a heavily traveled thoroughfare, at about 4:30 or 4:45 p. m. on Thursday, January 5, 1961, with the left rear end of the trailer protruding five feet or more onto the west-traveled lane of the road; that the driver, defendant’s employee, wandered about the tractor-trailer for a short time and then occupied the seat of the tractor thereafter; that, as it became darker, there were no lights on the tractor and none on the trailer, attributed to a separation in the wiring system between the tractor and the trailer; that the reflectors on the trailer were hardly visible; that the driver, although the tractor carried fusees or flares, did not light them and place them in the vicinity of the conveyance; that on January 5 the sun set at 5:08 p. m., and the moon did not rise until 8:17 p. m.; that it grew darker and darker, and still the tractor-trailer remained stationary in its original position without lights and without warning signals of any kind; that before the fatal collision at about 5:55 p. m. three different motorists driving westerly on North River Road nearly collided with the protruding rear end of the trailer, barely missing it; that a short time before the collision another of defendant’s employees, a woman, drove out in an automobile from defendant’s nearby plant (within 2,000 feet) to ascertain the delay *323 in the arrival of the tractor-trailer; and that near the scene of the collision her car was in such a position that its headlights shone in the direction from which the decedent was approaching. There is no evidence, other than the collision, that the decedent was driving improperly or at an excessive rate of speed. Neither does it appear that defendant’s driver made any effort to seek help, although there were several houses close to where his tractor-trailer was stopped.
Under the evidence narrated, should the case have gone to the jury on the issue of wanton misconduct, with an appropriate charge on that subject?
In Reserve Trucking Co. v. Fairchild, 128 Ohio St., 519, 531, 191 N. E., 745, 750, the statement is made:
“Willful misconduct * * * implies the element of intent or purpose to injure. Wanton negligence [misconduct], on the other hand, implies the failure to exercise any care toward those to whom a duty of care is owing when the probability that harm will result from such failure is great and such probability is actually known to the defendant.”
See, also, Tighe, a Minor, v. Diamond, 149 Ohio St., 520, 526, 80 N. E. (2d), 122, 126.
In the case of Universal Concrete Pipe Co. v. Bassett, supra (130 Ohio St., 567), the second paragraph of the syllabus of the Fairchild case was modified, and “a disposition to perversity” was added to the definition of wanton misconduct. It was also announced in the Bassett case that, where willful or wanton misconduct existed, plaintiff’s negligence is not available as a defense. Other cases are to the same effect. See Kerwhacker v. Cleveland, Columbus & Cincinnati Rd. Co., 3 Ohio St., 172, 188, 62 Am. Dec., 246, 260; Payne, Director General of Railroads, v. Vance, 103 Ohio St., 59, 133 N. E., 85; and Reserve Trucking Co. v. Fairchild, supra (128 Ohio St., 519, 531).
It is equally well established that an employer is liable for the willful or wanton act of his employee, where such act is done in the course of and within the scope of his employment. Stranahan Bros. Catering Co. v. Coit, 55 Ohio St., 398, 45 N. E., 634, 4 L. R. A. (N. S.), 506; Nelson Business College Co. v. Lloyd, 60 Ohio St., 448, 54 N. E., 471, 46 L. R. A., 314, 71 Am. St. Rep., 729; Lima Railway Co. v. Little, 67 Ohio St., 91, 65 N. E., 861. *324 And whether snch act is committed in the course of and within the scope of snch employee’s employment is usually a question of fact for a jury. Nelson Business College Co. v. Lloyd, supra (60 Ohio St., 448), and Tarlecka v. Morgan, 125 Ohio St., 319, 181 N. E., 450.
The instant case is distinguishable from the Bassett case on the facts. In the latter case, the employee left his unlighted truck unattended but properly parked on the side of a city street for only a few minutes. Here, the employee, according to the evidence most favorable to the plaintiff, stopped his tractor-trailer, with the trailer extending five feet or more onto the traveled portion of the road, and passively allowed it to so remain for an hour or longer, unlighted after darkness had set in and with no warning signals whatsoever, when he knew or should have known that such a situation created an extreme danger and hazard for the drivers of motor vehicles using the road. In the opinion of a majority of this court, such conduct if found to have occurred would amount to a “disposition to perversity” and a complete lack of care toward those to whom a duty of care existed and would warrant the finding that the employee was chargeable with wanton misconduct and that the evidence presented was such as to require submission of the case to the jury on the issue of wanton misconduct and on the issue of whether in the circumstances defendant’s employee was in the course of and within the scope of his employment.
This court has decided many cases involving the provisions of Section 4511.21, Revised Code. See, for example, Skinner v. Pennsylvania Rd. Co., 127 Ohio St., 69, 186 N. E., 722; Gumley, Admr., v. Cowman, 129 Ohio St., 36, 193 N. E., 627; Kormos v. Cleveland Retail Credit Men’s Co., 131 Ohio St., 471, 3 N. E. (2d), 427; Smiley v. Arrow Spring Bed Co., supra (138 Ohio St., 81); Bickel v. American Can Co., 154 Ohio St., 380, 96 N. E. (2d), 4; Whitaker v. Baumgardner, 167 Ohio St., 167, 146 N. E. (2d), 729; Woods v. Brown’s Bakery, 171 Ohio St., 383, 171 N. E. (2d), 496; and Cox v. Polster, 174 Ohio St., 224, 188 N. E. (2d), 421. In none of those cases was the issue of wanton misconduct on the part of the defendant raised as in the present case.
The combined derelictions charged to defendant, ■ if deter *325 mined to be true with attaching liability, show a reckless and inexcusable disregard of the rights and protection of others and tend to differentiate this case from other cases where the assured-clear-distance-ahead statute was applied to defeat the plaintiff.
If the facts developed in the case of Jenkins v. Sharp, 140 Ohio St., 80, 42 N. E. (2d), 755, presented an issue of fact for the jury on the question of “wanton misconduct,” such question was for the jury on the facts developed in the instant case. See, also, Kennard, a Minor, v. Palmer, a Minor, 143 Ohio St., 1, 53 N. E. (2d), 908, and Botto v. Fischesser, a Minor, 174 Ohio St., 322, 189 N. E. (2d), 127.
Should wanton misconduct on the part of defendant be found in the present case, the violation of Section 4511.21, Revised Code, by plaintiff’s decedent would not bar recovery.
Upon the basis of what has been said, the judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings.

Judgment reversed.

Taut, C. J., O’Neill, Herbert and Gibson, JJ., concur.
Matthias and Grieeith, JJ., dissent.