Sibyl I. McCLUGGAGE et al., Plaintiffs-Appellees,

v.

UNITED STATES of America, Defendant-Appellant.

No. 17638.

United States Court of Appeals Sixth Circuit.

April 5, 1968.

John C. Eldridge, Dept. of Justice, Washington, D. C., for appellant, Barefoot Sanders, Asst. Atty. Gen., Morton Hollander, Harvey L. Zuckman, Attys., Dept. of Justice, Washington, D. C., Robert M. Draper, U. S. Atty., Columbus, Ohio, on the brief.

Robert P. Mone, Columbus, Ohio, for appellees, George, Greek, King & McMahon, Charles E. Shanklin, Columbus, Ohio, on the brief, Raymond E. Daily, Jr., Waverly, Ohio, of counsel.

Before PECK, McCREE and COMBS, Circuit Judges.

McCREE, Circuit Judge.

This is the Government's appeal from a judgment for plaintiffs in the aggregate sum of $247,682.59 in a Federal Tort Claims action for injury to plaintiff Sibyl McCluggage resulting from the negligent act of an enlisted member of the United States Air Force. The substantial amount of the judgment is amply supported by the evidence and no appeal has been taken from this determination or from the finding that the serviceman was negligent. The only question presented by this appeal is that of the liability of appellant.

The parties concede and we agree that the law of Ohio is applicable in determining whether the serviceman, concededly an employee of the Government, was acting within the scope of his employment at the time the injuries were inflicted. 28 U.S.C. § 1346(b); Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955); Christian v. United States, 184 F.2d 523 (6th Cir 1950).

The District Judge overruled the Government's motion for summary judgment, and at the conclusion of the trial, found that the airman's negligence oc-

curred while he was acting in the scope of his employment.

The pertinent facts which are not in dispute are as follows: At the time of the accident, Airman Kyle was traveling under Air Force orders directing him to proceed from his permanent military station at Paris, Kentucky to Fort George G. Meade, Maryland for temporary duty as a Radar Bomb-Scoring Controller on or about January 2, 1962 and to report no later than 8 a. m. on January 3, 1962. His commanding officer authorized his early departure on December 29 because of weather conditions, "Thus assuring arrival at destination as per orders." At the completion of his 30 day tour of duty at Ft. Meade he was to "return to proper station" and his orders did not authorize any leave or delay en route. He was authorized to use his privately owned automobile and he decided to do so. His orders stated that the "travel directed is necessary in the military service" and his commanding officer gave him a safety briefing before his departure. He was reimbursed at the rate of five cents per mile for using his own car and he transported the clothing which he would use while on temporary duty. His travel time was considered by the Air Force to be active duty service time and he was drawing his full pay while traveling to Fort Meade. Because of potentially dangerous weather conditions, he decided to avoid the most direct route through the mountains since variations in his intinerary were specifically authorized, and he chose instead to employ the Ohio Turnpike which placed him on U. S. Highway 23 where he collided with the automobile driven by Plaintiff Sibyl McCluggage.

The Supreme Court of Ohio has held that the expression "scope of the employment" cannot be accurately defined because it is a question of fact to be determined according to the peculiar facts of each case and that each case is *sui generis*. Tarlecka v. Morgan, 125 Ohio St. 319, 181 N.E. 450 (1932). In Amstutz, Admr. v. Prudential Ins. Co., 136 Ohio St. 404, 26 N.E.2d 454 (1940), where an insurance agent became involved in an accident on his return trip from a plant outside his "debit" for the purpose of making a required collection of a premium, it was held that the trial court was correct in not ruling as a matter of law that the employee was outside the scope of his employment and a verdict for the plaintiff was affirmed. See also Miller v. Metropolitan Life Ins. Co., 134 Ohio St. 289, 16 N.E.2d 447 (1938). Jozwiak v. United States, 123 F.Supp. 65 (S.D.Ohio 1954), a Federal Tort Claims action arising in Ohio, although decided for the Government, recognized that scope of employment is usually a question of fact.

The three Ohio cases cited by appellant where it was held as a matter of law that the employee was acting outside the scope of his employment can easily be distinguished from this case. In Miller v. Western Union Telegraph Co., 63 Ohio App. 125, 25 N.E.2d 466 (1939), a messenger boy employed by a telegraph company and given express authority to deliver messages on a bicycle, unknown to his employer delivered a message by means of an automobile for the first time and negligently injured a third party. In the instant case there was express permission for the airman to use his privately-owned automobile.

In Senn v. Lackner, 157 Ohio St. 206, 105 N.E.2d 49 (1952), it was held that the doctrine of *respondeat superior* did not apply when the employee, a half hour before he was to begin his day's work, was driving from his home to his place of employment in a car owned by his employer and loaned to the employee for the sole benefit of the employee. In the instant appeal, Airman Kyle was performing a service for his employer in traveling from one duty station to another and was considered to be on duty at the time.

Appellant's principal reliance is upon Boch v. New York Life Insurance Co., 175 Ohio St. 458, 196 N.E.2d 90 (1964), another case in which it was held that a master is not liable for the negligence of his servant while driving to work at a fixed place of employment, where such driving involves no special benefit to the

master other than the making of the servant's services available to the master at the place where they are needed. In that case the following test for vicarious liability was set forth in the syllabus:

1. An employer is liable for the negligence of his employee in operating the employee's own automobile only where it is established by a preponderance of the evidence

   (1) that the employer had expressly or impliedy authorized the employee to use his own automobile in doing the work he was employed to do,

   (2) that the employee was at the time of such negligence doing work that he was employed to do, and

   (3) that the employee was subject to the direction and control of the employer in the operation of the employee's automobile while using it in doing the work he was employed to do.

In the instant appeal, the airman was expressly authorized to use the automobile in doing the work he was employed to do, i. e. proceed to a post other than his fixed place of employment to perform duties as a Radar-Bomb-Scoring Controller, and was subject to the direction and control of his employer in the operation of the employee's automobile. The Uniform Code of Military Justice, Article 111 provides,

Any person subject to this chapter who operates any vehicle while drunk, or in a reckless or wanton manner, shall be punished as a court-martial may direct. 10 U.S.C. § 911.

The opinion in *Boch* emphasized that an employer usually regards as "none of his business" the means employed or the route taken by its employee in getting to work. It recognized that some special arrangement such as a requirement that the employee use a certain mode of transportation or possibly a provision for payment of transportation expenses might permit a finding that an employee was subject to the direction or control of his employer on the way to work.

It follows that a question of fact on the issue of scope of employment was presented and we hold that on the evidence the District Judge's finding was not clearly erroneous. F.R.Civ.P. Rule 52(a).

Affirmed.