Georgann Harris **DUNAVILLE**, Plaintiff,

v.

Donna Marie **CARNAGO**, Defendant.

No. C–2–79–610.

United States District Court,
S. D. Ohio, E. D.

March 11, 1980.

James V. Rose, Columbus, Ohio, for plaintiff.

Albert R. Ritcher, Asst. U. S. Atty., Columbus, Ohio, for defendant.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

This lawsuit began as a personal injury action arising out of a two-car accident which occurred on April 5, 1977, between the plaintiff, Georgann Harris Dunaville and the named defendant, Donna Marie Carnago, in downtown Columbus, Ohio. The plaintiff filed suit on April 5, 1979, in the Court of Common Pleas of Franklin County, Ohio, naming Carnago as sole defendant and seeking damages for Carnago's alleged negligence in the operation of her motor vehicle. A petition for removal to this Court was filed on July 3, 1979.

At the time of the accident defendant Carnago was an employee of the United States General Accounting Office (GAO). The United States of America, through the GAO regional manager and the United States Attorney, certified that Ms. Carnago was acting within the scope of her employment at the time of the accident. The United States Attorney moves to have the United States substituted as party defendant pursuant to the Federal Torts Claim Act, 28 U.S.C. §§ 1346, 2671–2680, and dismissed for failure to file the prerequisite administrative claim. The matter is presently before the Court for decision on the government's motion.

Upon consideration, it appears that the motion is well taken and must be granted. Title 28 U.S.C. § 2679(b) states as follows:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, *shall* hereafter *be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee* or his estate whose act or omission gave rise to the claim. (Emphasis added.)

The purpose of Congress in enacting § 2679(b) was to shield federal employees from personal liability for damages result-

ing from their negligent operation of automobiles in the scope of their employment. Thus, the courts have recognized that the statute precludes suits against the employees individually for such negligence. *Vantrease . v. United States*, 400 F.2d 853 (6th Cir. 1968); *Smith v. United States*, 328 F.Supp. 1224 (W.D.Tenn.1971) (citing numerous cases); *see generally*, Annot. 16 A.L.R.3d 1394 (1967).

■  Although the government has certified that Ms. Carnago was acting within the scope of her employment at the time of the accident, this certification is not binding on the Court. *Seiden v. United States*, 537 F.2d 867, 870 (6th Cir. 1976); *Daugherty v. United States*, 427 F.Supp. 222, 224 (W.D. Pa.1977). Therefore, the Court has exercised its prerogative to determine this matter on its own, and on February 29, 1980, it held a hearing on the matter. At the hearing the government produced evidence not contradicted by the plaintiff as follows. Ms. Carnago is a management analyst with the Detroit regional office of the General Accounting Office. During the month of April 1977, Ms. Carnago was assigned by the GAO to participate in an audit of the Ohio Medicaid program being conducted in Columbus. In connection with these duties, the GAO authorized Ms. Carnago to travel to Columbus from her home in Michigan by privately-owned vehicle, and it is undisputed that she was reimbursed for mileage traveled between Michigan and Columbus as well as for mileage traveled while on official business in Columbus. This latter reimbursement included mileage traveled from her hotel to the audit site in the morning and from the audit site to her hotel in the evenings. The evidence was undisputed that at the time of the accident, on April 5, 1977, Ms. Carnago was en route from the audit site to her hotel, travel which was authorized and for which she was reimbursed by the United States government.

■  The parties concede and the Court agrees that the law of Ohio governs the question whether Ms. Carnago was acting within the scope of her employment at the time of the accident. *See, McCluggage v. United States*, 392 F.2d 395 (6th Cir. 1968). The Supreme Court of Ohio has stated that the term "scope of employment" has never been accurately defined and that in fact it cannot be defined because it is a question of fact, each case being *sui generis. Posin v. A. B. C. Motor Court Hotel, Inc.*, 45 Ohio St.2d 271, 344 N.E.2d 334, 339 (1976). *Tarlecka v. Morgan*, 125 Ohio St. 319, 181 N.E. 450 (1932); *McCluggage, supra*. That court has said, however:

It has also been stated that the act of an agent is the act of the principal within the course of the employment when the act can fairly and reasonably be deemed to be an ordinary and natural incident or attribute of the service to be rendered, or a natural, direct, and logical result of it.

*Posin, supra*, 45 Ohio St.2d at 278; 344 N.E.2d at 339. The evidence presented at the hearing on this matter was overwhelming and undisputed that at the time of the accident, Ms. Carnago was acting within the scope of her employment. *See, generally*, Annot. 6 A.L.R.Fed. 373, 407 (1971). The case *McCluggage v. United States, supra*, decided by this Court and affirmed by the United States Court of Appeals for the Sixth Circuit, is almost directly on point with this case and compels the Court's finding on the issue.

Accordingly, this matter must be "deemed a tort action brought against the United States," the United States must be substituted as party defendant, and the matter removed to this Court. 28 U.S.C. § 2679(b), (d).

In *Smith v. United States, supra*, a case remarkably similar to this one, the Court summarized the effect of the law as follows:

In other words, after an action has been brought against a government employee in state court, and the Attorney General certifies or it is otherwise conceded that said employee was acting within the scope of his employment at the time of the accident, the plaintiff no longer has a right to sue the employee individually in state court; on the contrary, the

plaintiff's sole and exclusive remedy is against the United States. (Citing cases.) 328 F.Supp. at 1226. In view of this, the only matter left for resolution is whether the Court may take jurisdiction over this action.

■■■ It is clear that before a tort claim can be filed in this Court against the United States, the claim must first be presented to the appropriate federal agency. Title 28, U.S.C. § 2675, states in pertinent part as follows:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.* The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim. (Emphasis added.)

The procedure prescribed by § 2675 is jurisdictional; absent statutory compliance the suit may not be maintained. *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 514–515 (6th Cir. 1974). *Smith v. United States*, Case No. C–2–79–521, S.D.Ohio (Oct. 11, 1979). Failure to meet this jurisdictional requirement is grounds for dismissal. *Driggers v. United States*, 309 F.Supp. 1377 (D.S.C.1970), *Frey v. Harmon*, Case No. C–2–77–804, S.D.Ohio (Mar. 30, 1978).

In response to the government's motion to dismiss, plaintiff requests that the Court "continue its jurisdiction" until she has time to file the proper administrative claim. Otherwise, it appears that plaintiff's action will be barred by the applicable statute of limitations. 28 U.S.C. § 2401(b). Although the plaintiff has found herself in an unfortunate plight, the Court cannot continue jurisdiction where, as in the present case, it has been without jurisdiction *ab initio*.

The apparent consequences of plaintiff's failure to ascertain the employment of the defendant and to file an administrative claim are stated in *Binn v. United States*, 389 F.Supp. 988 (E.D.Wis.1975) as follows:

Considering this action as an action against the United States, the case must be dismissed . . . .. That is, the plaintiff's exclusive action against the United States is forever barred by reason of plaintiff's failure to file an administrative claim within two years of the accident pursuant to 28 U.S.C. § 2401(b). Such disposition of the case is required by the plain language of the statutes involved and is supported by case authority on point. (Citing cases.) Consequently, plaintiff has no cause of action against [the driver] as an individual pursuant to § 2679(b) and must proceed exclusively against the United States. Plaintiff's cause of action against the United States is barred by reason of § 2401(b). Thus, plaintiff is without a cause of action, and the fact that an action can no longer be maintained against the United States does not give rise to an action against the motorist employee in his individual capacity.

389 F.Supp. at 992–993. *See also, Hoch v. Carter*, 242 F.Supp. 863 (S.D.N.Y.1965). Further, plaintiff's complaint that she was unaware that Ms. Carnago was a government employee acting within the scope of her employment is without merit. Such an argument was specifically rejected by the court in *Driggers, supra*, 309 F.Supp. at 1379. Although recognizing the hardship resulting to plaintiff herein, the Court has no choice but to apply the law as it finds it.

Accordingly, for the reasons stated above, the motion of the United States for substi-

549

tution and to dismiss must be GRANTED.
This action is DISMISSED.

So ORDERED.